# United States District Court

### FOR THE
### NORTHERN DISTRICT OF CALIFORNIA

## VENUE: SAN FRANCISCO

---

### UNITED STATES OF AMERICA,

### V.

**FILED**

OCT 10 2017

SUSAN Y. SOONG
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

### SEE ATTACHED DEFENDANTS' LIST,

## CR 17    533 EMC

### DEFENDANT(S).

---

## INDICTMENT

Title 18 U.S.C. § 1962(d) - RICO Conspiracy, 18 U.S.C. § 1959(a)(5) - Conspiracy to Commit VICAR Murder, 18 U.S.C. § 1959(a)(2) - VICAR Maiming, 18 U.S.C. § 1959(a)(3) - VICAR Assault With a Deadly Weapon, 18 U.S.C. § 924(c)(1)(A) - Use /Possession of a Firearm During a Crime of Violence, 18 U.S.C. § 1951(a)(1) - Hobbs Act Robbery, 18 U.S.C. § 1512(b) - Witness Intimidation; 18 U.S.C. § 924(d), 18 U.S.C. § 981(a)(1)(C), 28 U.S.C. § 2461(c) - Criminal Forfeiture

---

A true bill.

_____ Foreman

Filed in open court this _____10th_____ day of

_____October, 2017_____.

_____ Clerk

JOSEPH C. SPERO    Bail, $ __no bail arrest warrants__
__for all__
__defendants__

# United States District Court

## NORTHERN DISTRICT OF CALIFORNIA

INDICTMENT

U.S. v. JONATHAN JOSEPH NELSON, et al.

**DEFENDANTS' LIST**
(Page 1)

UNITED STATES OF AMERICA,

      Plaintiff,

v.

JONATHAN JOSEPH NELSON, a/k/a "Jon Jon,"
RAYMOND MICHAEL FOAKES, a/k/a "Ray Ray,"
RUSSELL ALLEN LYLES, JR., a/k/a "J.R.,
JEREMY DAMIEL GREER,
BRIAN WAYNE WENDT,
RUSSELL TAYLOR OTT, a/k/a "Rusty,"
CHRISTOPHER RANIERI, a/k/a "Rain Man,"
DAMIEN DAVID CESENA,
BRIAN ALLEN BURKE, a/k/a "Bucky,"
JASON RANDALL CLIFF, a/k/a "Agro," and
DAVID SALVATORE DIAZ, III

**Case Name:**


UNITED STATES OF AMERICA,

      Plaintiff,

   v.


JONATHAN JOSEPH NELSON, a/k/a "Jon Jon,"
RAYMOND MICHAEL FOAKES, a/k/a "Ray Ray,"
RUSSELL ALLEN LYLES, JR., a/k/a "J.R.,"
JEREMY DANIEL GREER,
BRIAN WAYNE WENDT,
RUSSELL TAYLOR OTT, a/k/a "Rusty,"
CHRISTOPHER RANIERI, a/k/a "Rain Man,"
DAMIEN DAVID CESENA,
BRIAN ALLEN BURKE, a/k/a "Bucky,"
JASON RANDALL CLIFF, a/k/a "Agro," and
DAVID SALVATORE DIAZ, III,

      Defendants.

AO 257 (Rev. 6/78)

## DEFENDANT INFORMATION RELATIVE TO A CRIMINAL ACTION - IN U.S. DISTRICT COURT

BY: ☐ COMPLAINT  ☐ INFORMATION  ☒ INDICTMENT
☐ SUPERSEDING

| Name of District Court, and/or Judge/Magistrate Location |
| --- |
| NORTHERN DISTRICT OF CALIFORNIA |
| SAN FRANCISCO DIVISION |

### OFFENSE CHARGED

18 U.S.C. § 1962(d) – Racketeering Conspiracy

☒ Petty
☐ Minor
☐ Misde-meanor
☒ Felony

PENALTY:   Life imprisonment;
$250,000 fine;
Five years' supervised release;
$100 special assessment

**DEFENDANT - U.S**

➤ DAVID SALVATORE DIAZ, III

DISTRICT COURT NUMBER

CR 17   533 EMC

FILED
OCT 10 2017
SUSAN Y. SOONG
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

### PROCEEDING

Name of Complainant Agency, or Person (& Title, if any)

Federal Bureau of Investigation

☐ person is awaiting trial in another Federal or State Court, give name of court

_____

☐ this person/proceeding is transferred from another district per (circle one) FRCrp 20, 21, or 40. Show District

_____

☐ this is a reprosecution of charges previously dismissed which were dismissed on motion of:
☐ U.S. ATTORNEY  ☐ DEFENSE

SHOW DOCKET NO.

☐ this prosecution relates to a pending case involving this same defendant

☐ prior proceedings or appearance(s) before U.S. Magistrate regarding this defendant were recorded under

MAGISTRATE CASE NO.

Name and Office of Person Furnishing Information on this form   BRIAN J. STRETCH

☒ U.S. ATTORNEY  ☐ Other U.S. Agency

Name of Assistant U.S. Attorney (if assigned)   Kevin Barry

### DEFENDANT

**IS NOT IN CUSTODY**
Has not been arrested, pending outcome this proceeding.
1) ☒ If not detained give date any prior summons was served on above charges ➤

2) ☐ Is a Fugitive

3) ☐ Is on Bail or Release from (show District)

_____

**IS IN CUSTODY**
4) ☐ On this charge

5) ☐ On another conviction

6) ☐ Awaiting trial on other charges
☐ Federal  ☐ State

If answer to (6) is "Yes", show name of institution

_____

Has detainer been filed?  ☐ Yes  ☐ No
If "Yes" give date filed

DATE OF ARREST ➤   Month/Day/Year

Or... if Arresting Agency & Warrant were not

DATE TRANSFERRED TO U.S. CUSTODY ➤   Month/Day/Year

☐ This report amends AO 257 previously submitted

### ADDITIONAL INFORMATION OR COMMENTS

PROCESS:
☐ SUMMONS  ☐ NO PROCESS*  ☒ WARRANT   Bail Amount: No Bail

If Summons, complete following:
☐ Arraignment  ☐ Initial Appearance

Defendant Address:

_____

* Where defendant previously apprehended on complaint, no new summons or warrant needed, since Magistrate has scheduled arraignment

Date/Time: _____   Before Judge: _____

Comments:

AO 257 (Rev. 6/78)

## DEFENDANT INFORMATION RELATIVE TO A CRIMINAL ACTION - IN U.S. DISTRICT COURT

BY: ☐ COMPLAINT  ☐ INFORMATION  ☒ INDICTMENT
☐ SUPERSEDING

─── OFFENSE CHARGED ───

See Attachment

☐ Petty
☐ Minor
☐ Misde-meanor
☒ Felony

PENALTY:   See Attachment

Name of District Court, and/or Judge/Magistrate Location

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

─── DEFENDANT - U.S ───

▶ JASON RANDALL CLIFF

DISTRICT COURT NUMBER

CR 17   533 EMC

FILED
OCT 10 2017
SUSAN Y. SOONG
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

─── PROCEEDING ───

Name of Complaintant Agency, or Person (& Title, if any)

Federal Bureau of Investigation

☐ person is awaiting trial in another Federal or State Court, give name of court

_____

☐ this person/proceeding is transferred from another district per (circle one) FRCrp 20, 21, or 40. Show District

_____

☐ this is a reprosecution of charges previously dismissed which were dismissed on motion of:
☐ U.S. ATTORNEY  ☐ DEFENSE

SHOW DOCKET NO.

☐ this prosecution relates to a pending case involving this same defendant

MAGISTRATE CASE NO.

☐ prior proceedings or appearance(s) before U.S. Magistrate regarding this defendant were recorded under

_____

Name and Office of Person Furnishing Information on this form   BRIAN J. STRETCH

☒ U.S. Attorney  ☐ Other U.S. Agency

Name of Assistant U.S. Attorney (if assigned)   Kevin Barry

─── DEFENDANT ───

IS **NOT** IN CUSTODY
Has not been arrested, pending outcome this proceeding.
1) ☒ If not detained give date any prior summons was served on above charges ▶

2) ☐ Is a Fugitive

3) ☐ Is on Bail or Release from (show District)

_____

IS IN CUSTODY
4) ☐ On this charge

5) ☐ On another conviction     ☐ Federal  ☐ State

6) ☐ Awaiting trial on other charges
If answer to (6) is "Yes", show name of institution

_____

Has detainer  ☐ Yes     If "Yes" give date filed
been filed?  ☐ No

DATE OF ARREST ▶   Month/Day/Year

Or... if Arresting Agency & Warrant were not

DATE TRANSFERRED TO U.S. CUSTODY ▶   Month/Day/Year

☐ This report amends AO 257 previously submitted

─── ADDITIONAL INFORMATION OR COMMENTS ───

PROCESS:
☐ SUMMONS  ☐ NO PROCESS*  ☒ WARRANT   Bail Amount: No Bail

If Summons, complete following:
☐ Arraignment  ☐ Initial Appearance

Defendant Address:

_____

Comments:

* Where defendant previously apprehended on complaint, no new summons or warrant needed, since Magistrate has scheduled arraignment

Date/Time: _____  Before Judge: _____

**Attachment to Penalty Sheet**
**UNITED STATES v. JASON RANDALL CLIFF**
**Indictment**

## Offenses Charged

Count Five          18 U.S.C. § 1959(a)(2) – Maiming in Aid of Racketeering

Count Six           18 U.S.C. § 1959(a)(3) – Assault with a Dangerous Weapon in Aid of
                    Racketeering

## Maximum Penalties

Count Five          30 years' imprisonment; $250,000 fine; five years' supervised release; a
                    $100 special assessment

Count Six           20 years' imprisonment; $250,000 fine; three years' supervised release; a
                    $100 special assessment

AO 257 (Rev. 6/78)

## DEFENDANT INFORMATION RELATIVE TO A CRIMINAL ACTION - IN U.S. DISTRICT COURT

BY: ☐ COMPLAINT    ☐ INFORMATION    ☒ INDICTMENT
☐ SUPERSEDING

Name of District Court, and/or Judge/Magistrate Location

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

### OFFENSE CHARGED

18 U.S.C. § 1512(b) -- Witness Intimidation

~~SEALED BY COURT ORDER~~

☐ Petty
☐ Minor
☐ Misde-meanor
☒ Felony

PENALTY:  20 years' imprisonment; $250,000 fine; three years' supervised release; a $100 special assessment

─ DEFENDANT - U.S ─

▶ BRIAN ALLEN BURKE

DISTRICT COURT NUMBER

CR 17 533 EMC

FILED
OCT 10 2017
SUSAN Y. SOONG
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

### PROCEEDING

Name of Complainant Agency, or Person (& Title, if any)

Federal Bureau of Investigation

☐ person is awaiting trial in another Federal or State Court, give name of court

_____

☐ this person/proceeding is transferred from another district per (circle one) FRCrp 20, 21, or 40. Show District

_____

☐ this is a reprosecution of charges previously dismissed which were dismissed on motion of:
☐ U.S. ATTORNEY  ☐ DEFENSE

SHOW DOCKET NO.

☐ this prosecution relates to a pending case involving this same defendant

MAGISTRATE CASE NO.

☐ prior proceedings or appearance(s) before U.S. Magistrate regarding this defendant were recorded under

_____

Name and Office of Person Furnishing Information on this form    BRIAN J. STRETCH

☒ U.S. Attorney  ☐ Other U.S. Agency

Name of Assistant U.S. Attorney (if assigned)    Kevin Barry

### DEFENDANT

**IS NOT IN CUSTODY**
Has not been arrested, pending outcome this proceeding.
1) ☒ If not detained give date any prior summons was served on above charges ▶

2) ☐ Is a Fugitive

3) ☐ Is on Bail or Release from (show District)

_____

**IS IN CUSTODY**
4) ☐ On this charge

5) ☐ On another conviction
☐ Federal ☐ State

6) ☐ Awaiting trial on other charges
If answer to (6) is "Yes", show name of institution

_____

Has detainer been filed?
☐ Yes
☐ No
If "Yes" give date filed

_____

DATE OF ARREST ▶

Month/Day/Year

Or... if Arresting Agency & Warrant were not

DATE TRANSFERRED TO U.S. CUSTODY ▶

Month/Day/Year

_____

☐ This report amends AO 257 previously submitted

### ─ ADDITIONAL INFORMATION OR COMMENTS ─

PROCESS:
☐ SUMMONS  ☐ NO PROCESS*  ☒ WARRANT    Bail Amount: No Bail

If Summons, complete following:
☐ Arraignment  ☐ Initial Appearance

Defendant Address:

_____

_____

* Where defendant previously apprehended on complaint, no new summons or warrant needed, since Magistrate has scheduled arraignment

Date/Time: _____  Before Judge: _____

Comments:

AO 257 (Rev. 6/78)

## DEFENDANT INFORMATION RELATIVE TO A CRIMINAL ACTION - IN U.S. DISTRICT COURT

BY: ☐ COMPLAINT   ☐ INFORMATION   ☒ INDICTMENT

☐ SUPERSEDING

Name of District Court, and/or Judge/Magistrate Location

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

**OFFENSE CHARGED**

See Attachment

☐ Petty
☐ Minor
☐ Misde-meanor
☒ Felony

PENALTY:   See Attachment

— **DEFENDANT - U.S** —

▶   DAMIEN DAVID CESENA

DISTRICT COURT NUMBER

**CR 17 533**

FILED
OCT 10 2017
SUSAN Y. SOONG
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

**EMC**

**PROCEEDING**

Name of Complaintant Agency, or Person (& Title, if any)

Federal Bureau of Investigation

☐ person is awaiting trial in another Federal or State Court, give name of court

_____

☐ this person/proceeding is transferred from another district per (circle one) FRCrp 20, 21, or 40. Show District

_____

☐ this is a reprosecution of charges previously dismissed which were dismissed on motion of:
  ☐ U.S. ATTORNEY   ☐ DEFENSE

SHOW DOCKET NO.

☐ this prosecution relates to a pending case involving this same defendant

MAGISTRATE CASE NO.

☐ prior proceedings or appearance(s) before U.S. Magistrate regarding this defendant were recorded under

_____

Name and Office of Person Furnishing Information on this form   BRIAN J. STRETCH

☒ U.S. Attorney   ☐ Other U.S. Agency

Name of Assistant U.S. Attorney (if assigned)   Kevin Barry

— **DEFENDANT** —

**IS *NOT* IN CUSTODY**
Has not been arrested, pending outcome this proceeding.
1) ☒ If not detained give date any prior summons was served on above charges ▶ _____

2) ☐ Is a Fugitive

3) ☐ Is on Bail or Release from (show District)

_____

**IS IN CUSTODY**

4) ☐ On this charge

5) ☐ On another conviction          ☐ Federal   ☐ State

6) ☐ Awaiting trial on other charges

If answer to (6) is "Yes", show name of institution

_____

Has detainer   ☐ Yes    If "Yes" give date filed
been filed?    ☐ No

DATE OF ARREST   ▶ _____ Month/Day/Year

Or... if Arresting Agency & Warrant were not

DATE TRANSFERRED TO U.S. CUSTODY   ▶ _____ Month/Day/Year

☐ This report amends AO 257 previously submitted

— **ADDITIONAL INFORMATION OR COMMENTS** —

PROCESS:
☐ SUMMONS   ☐ NO PROCESS*   ☒ WARRANT        Bail Amount: No Bail

If Summons, complete following:
☐ Arraignment   ☐ Initial Appearance

Defendant Address:

_____

* Where defendant previously apprehended on complaint, no new summons or warrant needed, since Magistrate has scheduled arraignment

Date/Time: _____   Before Judge: _____

Comments:

**Attachment to Penalty Sheet**
**UNITED STATES v. DAMIEN DAVID CESENA**
**Indictment**

**Offenses Charged**

Count One              18 U.S.C. § 1962(d) – Racketeering Conspiracy

Count Three            18 U.S.C. § 1951(a) – Hobbs Act Robbery

**Maximum Penalties**

Count One              Life imprisonment; $250,000 fine; five years' supervised release; a $100
                       special assessment

Count Three            20 years' imprisonment; $250,000 fine; three years' supervised release; a
                       $100 special assessment

AO 257 (Rev. 6/78)

## DEFENDANT INFORMATION RELATIVE TO A CRIMINAL ACTION - IN U.S. DISTRICT COURT

BY: ☐ COMPLAINT  ☐ INFORMATION  ☒ INDICTMENT
    ☐ SUPERSEDING

Name of District Court, and/or Judge/Magistrate Location
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

### OFFENSE CHARGED

See Attachment

☐ Petty
☐ Minor
☐ Misde-meanor
☒ Felony

PENALTY:  See Attachment

─ DEFENDANT - U.S ─

► JONATHAN JOSEPH NELSON

DISTRICT COURT NUMBER

FILED CR 17 533 EMC

OCT 10 2017
SUSAN Y. SOONG
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

DEFENDANT

### PROCEEDING

Name of Complaintant Agency, or Person (& Title, if any)
Federal Bureau of Investigation

☐ person is awaiting trial in another Federal or State Court, give name of court

☐ this person/proceeding is transferred from another district per (circle one) FRCrp 20, 21, or 40. Show District

☐ this is a reprosecution of charges previously dismissed which were dismissed on motion of:
  ☐ U.S. ATTORNEY  ☐ DEFENSE
  } SHOW DOCKET NO.

☐ this prosecution relates to a pending case involving this same defendant
  } MAGISTRATE CASE NO.

☐ prior proceedings or appearance(s) before U.S. Magistrate regarding this defendant were recorded under

Name and Office of Person
Furnishing Information on this form    BRIAN J. STRETCH

☒ U.S. Attorney  ☐ Other U.S. Agency

Name of Assistant U.S.
Attorney (if assigned)    Kevin Barry

**IS NOT IN CUSTODY**
Has not been arrested, pending outcome this proceeding.
☒ 1) If not detained give date any prior summons was served on above charges ►

☐ 2) Is a Fugitive

☐ 3) Is on Bail or Release from (show District)

**IS IN CUSTODY**
☐ 4) On this charge

☐ 5) On another conviction } ☐ Federal  ☐ State

☐ 6) Awaiting trial on other charges

If answer to (6) is "Yes", show name of institution

Has detainer been filed?  ☐ Yes  ☐ No } If "Yes" give date filed

DATE OF ARREST    Month/Day/Year
Or... if Arresting Agency & Warrant were not

DATE TRANSFERRED TO U.S. CUSTODY ►    Month/Day/Year

☐ This report amends AO 257 previously submitted

### ADDITIONAL INFORMATION OR COMMENTS

PROCESS:
☐ SUMMONS  ☐ NO PROCESS*  ☒ WARRANT    Bail Amount: No Bail

If Summons, complete following:
☐ Arraignment  ☐ Initial Appearance
Defendant Address:

* Where defendant previously apprehended on complaint, no new summons or warrant needed, since Magistrate has scheduled arraignment

Date/Time:    Before Judge:

Comments:

**Attachment to Penalty Sheet**
**UNITED STATES v. JONATHAN JOSEPH NELSON**
**Indictment**

## Offenses Charged

| | |
|---|---|
| Count One | 18 U.S.C. § 1962(d) – Racketeering Conspiracy |
| Count Two | 18 U.S.C. § 1959(a)(5) – Conspiracy to Commit Murder in Aid of Racketeering |
| Count Five | 18 U.S.C. § 1959(a)(2) – Maiming in Aid of Racketeering |
| Count Six | 18 U.S.C. § 1959(a)(3) – Assault with a Dangerous Weapon in Aid of Racketeering |
| Count Seven | 18 U.S.C. § 924(c)(1)(A) – Use/Possession of a Firearm During a Crime of Violence |

## Maximum Penalties

| | |
|---|---|
| Count One | Life imprisonment; $250,000 fine; five years' supervised release; a $100 special assessment |
| Count Two | 10 years' imprisonment; $250,000 fine; three years' supervised release; a $100 special assessment |
| Count Five | 30 years' imprisonment; $250,000 fine; five years' supervised release; a $100 special assessment |
| Count Six | 20 years' imprisonment; $250,000 fine; three years' supervised release; a $100 special assessment |
| Count Seven | A consecutive sentence of not less than seven years and not more than life; $250,000 fine; five years' supervised release; a $100 special assessment |

AO 257 (Rev. 6/78)

## DEFENDANT INFORMATION RELATIVE TO A CRIMINAL ACTION - IN U.S. DISTRICT COURT

BY: ☐ COMPLAINT   ☐ INFORMATION   ☒ INDICTMENT

☐ SUPERSEDING

Name of District Court, and/or Judge/Magistrate Location

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

### OFFENSE CHARGED

See Attachment

☐ Petty
☐ Minor
☐ Misde-meanor
☒ Felony

PENALTY:   See Attachment

**DEFENDANT - U.S**

RAYMOND MICHAEL FOAKES

DISTRICT COURT NUMBER

CR 17     533     EMC

FILED

### PROCEEDING

Name of Complaintant Agency, or Person (& Title, if any)

Federal Bureau of Investigation

☐ person is awaiting trial in another Federal or State Court, give name of court

_____

☐ this person/proceeding is transferred from another district per (circle one) FRCrp 20, 21, or 40. Show District

_____

☐ this is a reprosecution of charges previously dismissed which were dismissed on motion of:
  ☐ U.S. ATTORNEY   ☐ DEFENSE

SHOW DOCKET NO.

☐ this prosecution relates to a pending case involving this same defendant

MAGISTRATE CASE NO.

☐ prior proceedings or appearance(s) before U.S. Magistrate regarding this defendant were recorded under

_____

Name and Office of Person Furnishing Information on this form   BRIAN J. STRETCH

☒ U.S. Attorney   ☐ Other U.S. Agency

Name of Assistant U.S. Attorney (if assigned)   Kevin Barry

FILED

OCT 10 2017

SUSAN Y. SOONG
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

### DEFENDANT

**IS *NOT* IN CUSTODY**

1) ☒ Has not been arrested, pending outcome this proceeding.
   If not detained give date any prior summons was served on above charges ▶

2) ☐ Is a Fugitive

3) ☐ Is on Bail or Release from (show District)

_____

**IS IN CUSTODY**

4) ☐ On this charge

5) ☐ On another conviction
   ☐ Federal   ☐ State

6) ☐ Awaiting trial on other charges
   If answer to (6) is "Yes", show name of institution

_____

Has detainer been filed?   ☐ Yes   ☐ No
If "Yes" give date filed _____

DATE OF ARREST   Month/Day/Year _____

Or... if Arresting Agency & Warrant were not

DATE TRANSFERRED TO U.S. CUSTODY   Month/Day/Year _____

☐ This report amends AO 257 previously submitted

### ADDITIONAL INFORMATION OR COMMENTS

PROCESS:
☐ SUMMONS   ☐ NO PROCESS*   ☒ WARRANT   Bail Amount: No Bail

If Summons, complete following:
☐ Arraignment   ☐ Initial Appearance

Defendant Address:

_____

Comments:

\* Where defendant previously apprehended on complaint, no new summons or warrant needed, since Magistrate has scheduled arraignment

Date/Time: _____   Before Judge: _____

**Attachment to Penalty Sheet**
**UNITED STATES v. RAYMOND MICHAEL FOAKES**
**Indictment**

## Offenses Charged

Count One        18 U.S.C. § 1962(d) – Racketeering Conspiracy

Count Five       18 U.S.C. § 1959(a)(2) – Maiming in Aid of Racketeering

Count Six        18 U.S.C. § 1959(a)(3) – Assault with a Dangerous Weapon in Aid of Racketeering

Count Eight      18 U.S.C. § 1512(b) – Witness Intimidation

## Maximum Penalties

Count One        Life imprisonment; $250,000 fine; five years' supervised release; a $100 special assessment

Count Five       30 years' imprisonment; $250,000 fine; five years' supervised release; a $100 special assessment

Count Six        20 years' imprisonment; $250,000 fine; three years' supervised release; a $100 special assessment

Count Eight      20 years' imprisonment; $250,000 fine; three years' supervised release; a $100 special assessment

**Attachment to Penalty Sheet**
**UNITED STATES v. RUSSELL ALLEN LYLES, JR.**
**Indictment**

## Offenses Charged

Count One          18 U.S.C. § 1962(d) – Racketeering Conspiracy

Count Five         18 U.S.C. § 1959(a)(2) – Maiming in Aid of Racketeering

Count Six          18 U.S.C. § 1959(a)(3) – Assault with a Dangerous Weapon in Aid of
                   Racketeering

## Maximum Penalties

Count One          Life imprisonment; $250,000 fine; five years' supervised release; a $100
                   special assessment

Count Five         30 years' imprisonment; $250,000 fine; five years' supervised release; a
                   $100 special assessment

Count Six          20 years' imprisonment; $250,000 fine; three years' supervised release; a
                   $100 special assessment

AO 257 (Rev. 6/78)

## DEFENDANT INFORMATION RELATIVE TO A CRIMINAL ACTION - IN U.S. DISTRICT COURT

BY: ☐ COMPLAINT  ☐ INFORMATION  ☒ INDICTMENT

☐ SUPERSEDING

#### OFFENSE CHARGED

See Attachment

☐ Petty
☐ Minor
☐ Misde-meanor
☒ Felony

PENALTY:  See Attachment

Name of District Court, and/or Judge/Magistrate Location

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

#### DEFENDANT - U.S

▶ JEREMY DANIEL GREER

DISTRICT COURT NUMBER

CR 17 533 EMC

FILED

OCT 10 2017

SUSAN Y. SOONG
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

#### PROCEEDING

Name of Complaintant Agency, or Person (& Title, if any)

Federal Bureau of Investigation

☐ person is awaiting trial in another Federal or State Court, give name of court

_____

☐ this person/proceeding is transferred from another district per (circle one) FRCrp 20, 21, or 40.  Show District

_____

☐ this is a reprosecution of charges previously dismissed which were dismissed on motion of:

☐ U.S. ATTORNEY  ☐ DEFENSE

SHOW DOCKET NO.

☐ this prosecution relates to a pending case involving this same defendant

MAGISTRATE CASE NO.

☐ prior proceedings or appearance(s) before U.S. Magistrate regarding this defendant were recorded under

_____

Name and Office of Person
Furnishing Information on this form    BRIAN J. STRETCH

☒ U.S. Attorney  ☐ Other U.S. Agency

Name of Assistant U.S.
Attorney (if assigned)    Kevin Barry

#### DEFENDANT

IS NOT IN CUSTODY
Has not been arrested, pending outcome this proceeding.
1) ☒ If not detained give date any prior summons was served on above charges ▶

2) ☐ Is a Fugitive

3) ☐ Is on Bail or Release from (show District)

_____

**IS IN CUSTODY**

4) ☐ On this charge

5) ☐ On another conviction

6) ☐ Awaiting trial on other charges

☐ Federal  ☐ State

If answer to (6) is "Yes", show name of institution

_____

Has detainer  ☐ Yes  If "Yes"
been filed?  ☐ No  give date filed

**DATE OF
ARREST**  ▶

Month/Day/Year

Or... if Arresting Agency & Warrant were not

**DATE TRANSFERRED
TO U.S. CUSTODY**  ▶

Month/Day/Year

☐ This report amends AO 257 previously submitted

#### ADDITIONAL INFORMATION OR COMMENTS

PROCESS:

☐ SUMMONS  ☐ NO PROCESS*  ☒ WARRANT    Bail Amount: No Bail

If Summons, complete following:

☐ Arraignment  ☐ Initial Appearance

*Where defendant previously apprehended on complaint, no new summons or warrant needed, since Magistrate has scheduled arraignment*

Defendant Address:

_____

Date/Time: _____  Before Judge: _____

Comments:

**Attachment to Penalty Sheet**
**UNITED STATES v. JEREMY DANIEL GREER**
**Indictment**

## Offenses Charged

| | |
|---|---|
| Count One | 18 U.S.C. § 1962(d) – Racketeering Conspiracy |
| Counts Three, Four, and Nine | 18 U.S.C. § 1951(a) – Hobbs Act Robbery |
| Count Five | 18 U.S.C. § 1959(a)(2) – Maiming in Aid of Racketeering |
| Count Six | 18 U.S.C. § 1959(a)(3) – Assault with a Dangerous Weapon in Aid of Racketeering |
| Count Ten | 18 U.S.C. § 924(c)(1)(A) – Use/Possession of a Firearm During a Crime of Violence |

## Maximum Penalties

| | |
|---|---|
| Count One | Life imprisonment; $250,000 fine; five years' supervised release; a $100 special assessment |
| Counts Three, Four, and Nine | 20 years' imprisonment; $250,000 fine; three years' supervised release; a $100 special assessment |
| Count Five | 30 years' imprisonment; $250,000 fine; five years' supervised release; a $100 special assessment |
| Count Six | 20 years' imprisonment; $250,000 fine; three years' supervised release; a $100 special assessment |
| Count Ten | A consecutive sentence of not less than seven years and not more than life; $250,000 fine; five years' supervised release; a $100 special assessment |

AO 257 (Rev. 6/78)

## DEFENDANT INFORMATION RELATIVE TO A CRIMINAL ACTION - IN U.S. DISTRICT COURT

BY: ☐ COMPLAINT  ☐ INFORMATION  ☒ INDICTMENT

☐ SUPERSEDING

#### OFFENSE CHARGED

18 U.S.C. § 1962(d) -- Racketeering Conspiracy

18 U.S.C. § 1959(a)(5) -- Conspiracy to Commit Murder in Aid of Racketeering

☐ Petty
☐ Minor
☐ Misde-meanor
☒ Felony

PENALTY: Life imprisonment; $250,000 fine; five years' supervised release; a $100 special assessment

10 years' imprisonment; $250,000 fine; three years' supervised release; a $100 special assessment

Name of District Court, and/or Judge/Magistrate Location

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

DEFENDANT - U.S.

CHRISTOPHER RANIERI

DISTRICT COURT NUMBER

CR 17 533

FILED

OCT 10 2017

SUSAN Y. SOONG
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

EMC

#### PROCEEDING

Name of Complainant Agency, or Person (& Title, if any)

Federal Bureau of Investigation

☐ person is awaiting trial in another Federal or State Court, give name of court

☐ this person/proceeding is transferred from another district per (circle one) FRCrp 20, 21, or 40. Show District

☐ this is a reprosecution of charges previously dismissed which were dismissed on motion of:
  ☐ U.S. ATTORNEY  ☐ DEFENSE

SHOW DOCKET NO.

☐ this prosecution relates to a pending case involving this same defendant

MAGISTRATE CASE NO.

☐ prior proceedings or appearance(s) before U.S. Magistrate regarding this defendant were recorded under

Name and Office of Person Furnishing Information on this form    BRIAN J. STRETCH

☒ U.S. Attorney  ☐ Other U.S. Agency

Name of Assistant U.S. Attorney (if assigned)    Kevin Barry

#### DEFENDANT

IS *NOT* IN CUSTODY
Has not been arrested, pending outcome this proceeding.
1) ☒ If not detained give date any prior summons was served on above charges

2) ☐ Is a Fugitive

3) ☐ Is on Bail or Release from (show District)

IS IN CUSTODY

4) ☐ On this charge

5) ☐ On another conviction

6) ☐ Awaiting trial on other charges

☐ Federal  ☐ State

If answer to (6) is "Yes", show name of institution

Has detainer been filed?  ☐ Yes   If "Yes" give date filed
  ☐ No

DATE OF ARREST    Month/Day/Year

Or... if Arresting Agency & Warrant were not

DATE TRANSFERRED TO U.S. CUSTODY    Month/Day/Year

☐ This report amends AO 257 previously submitted

#### ADDITIONAL INFORMATION OR COMMENTS

PROCESS:
☐ SUMMONS  ☐ NO PROCESS*  ☒ WARRANT    Bail Amount: No Bail

If Summons, complete following:
☐ Arraignment  ☐ Initial Appearance

Defendant Address:

* Where defendant previously apprehended on complaint, no new summons or warrant needed, since Magistrate has scheduled arraignment

Date/Time:                Before Judge:

Comments:

AO 257 (Rev. 6/78)

## DEFENDANT INFORMATION RELATIVE TO A CRIMINAL ACTION - IN U.S. DISTRICT COURT

BY: ☐ COMPLAINT  ☐ INFORMATION  ☒ INDICTMENT
☐ SUPERSEDING

Name of District Court, and/or Judge/Magistrate Location

### NORTHERN DISTRICT OF CALIFORNIA
### SAN FRANCISCO DIVISION

─── OFFENSE CHARGED ───

18 U.S.C. § 1962(d) -- Racketeering Conspiracy

18 U.S.C. § 1959(a)(5) -- Conspiracy to Commit Murder in Aid of Racketeering

☐ Petty
☐ Minor
☐ Misde-meanor
☒ Felony

PENALTY:  Life imprisonment; $250,000 fine; five years' supervised release; a $100 special assessment

10 years' imprisonment; $250,000 fine; three years' supervised release; a $100 special assessment

─── DEFENDANT - U.S ───

RUSSELL TAYLOR OTT

DISTRICT COURT NUMBER

CR 17    533 EMC

FILED

OCT 10 2017

SUSAN Y. SOONG
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

─── PROCEEDING ───

Name of Complaintant Agency, or Person (& Title, if any)

Federal Bureau of Investigation

☐ person is awaiting trial in another Federal or State Court, give name of court

☐ this person/proceeding is transferred from another district per (circle one) FRCrp 20, 21, or 40. Show District

☐ this is a reprosecution of charges previously dismissed which were dismissed on motion of:
☐ U.S. ATTORNEY  ☐ DEFENSE

SHOW DOCKET NO.

☐ this prosecution relates to a pending case involving this same defendant

MAGISTRATE CASE NO.

☐ prior proceedings or appearance(s) before U.S. Magistrate regarding this defendant were recorded under

Name and Office of Person
Furnishing Information on this form    BRIAN J. STRETCH

☒ U.S. Attorney  ☐ Other U.S. Agency

Name of Assistant U.S.
Attorney (if assigned)    Kevin Barry

─── DEFENDANT ───

*IS NOT IN CUSTODY*
Has not been arrested, pending outcome this proceeding.
☒ 1) If not detained give date any prior summons was served on above charges ▶

2) ☐ Is a Fugitive

3) ☐ Is on Bail or Release from (show District)

**IS IN CUSTODY**

4) ☐ On this charge

5) ☐ On another conviction

6) ☐ Awaiting trial on other charges

} ☐ Federal  ☐ State

If answer to (6) is "Yes", show name of institution

Has detainer been filed?  ☐ Yes   If "Yes" give date filed ____
☐ No

DATE OF ARREST ▶    Month/Day/Year

Or... if Arresting Agency & Warrant were not

DATE TRANSFERRED TO U.S. CUSTODY ▶    Month/Day/Year

☐ This report amends AO 257 previously submitted

─── ADDITIONAL INFORMATION OR COMMENTS ───

PROCESS:
☐ SUMMONS  ☐ NO PROCESS*  ☒ WARRANT    Bail Amount: No Bail

If Summons, complete following:
☐ Arraignment  ☐ Initial Appearance

*Where defendant previously apprehended on complaint, no new summons or warrant needed, since Magistrate has scheduled arraignment*

Defendant Address:

Date/Time: ____    Before Judge: ____

Comments:

AO 257 (Rev. 6/78)

## DEFENDANT INFORMATION RELATIVE TO A CRIMINAL ACTION - IN U.S. DISTRICT COURT

BY: ☐ COMPLAINT  ☐ INFORMATION  ☒ INDICTMENT

☐ SUPERSEDING

Name of District Court, and/or Judge/Magistrate Location

**NORTHERN DISTRICT OF CALIFORNIA**

SAN FRANCISCO DIVISION

### OFFENSE CHARGED

18 U.S.C. § 1962(d) -- Racketeering Conspiracy

18 U.S.C. § 1959(a)(5) -- Conspiracy to Commit Murder in Aid of Racketeering

☐ Petty
☐ Minor
☐ Misde-
    meanor
☒ Felony

PENALTY:  Life imprisonment; $250,000 fine; five years' supervised release; a $100 special assessment

10 years' imprisonment; $250,000 fine; three years' supervised release; a $100 special assessment

**DEFENDANT - U.S**

▶  BRIAN WAYNE WENDT

DISTRICT COURT NUMBER

CR 17    533 EMC

FILED

OCT 10 2017

SUSAN Y. SOONG
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

### PROCEEDING

Name of Complaintant Agency, or Person (& Title, if any)

Federal Bureau of Investigation

☐ person is awaiting trial in another Federal or State Court, give name of court

_____

☐ this person/proceeding is transferred from another district per (circle one) FRCrp 20, 21, or 40.  Show District

_____

☐ this is a reprosecution of charges previously dismissed which were dismissed on motion of:

☐ U.S. ATTORNEY  ☐ DEFENSE

} SHOW
DOCKET NO.

☐ this prosecution relates to a pending case involving this same defendant

} MAGISTRATE
CASE NO.

☐ prior proceedings or appearance(s) before U.S. Magistrate regarding this defendant were recorded under

_____

Name and Office of Person
Furnishing Information on this form    BRIAN J. STRETCH

☒ U.S. Attorney  ☐ Other U.S. Agency

Name of Assistant U.S.
Attorney (if assigned)    Kevin Barry

### DEFENDANT

**IS NOT IN CUSTODY**

Has not been arrested, pending outcome this proceeding.
☒ 1) If not detained give date any prior
    summons was served on above charges  ▶ _____

☐ 2) Is a Fugitive

☐ 3) Is on Bail or Release from (show District)

_____

**IS IN CUSTODY**

☐ 4) On this charge

☐ 5) On another conviction

☐ 6) Awaiting trial on other charges

} ☐ Federal  ☐ State

If answer to (6) is "Yes", show name of institution

_____

Has detainer  ☐ Yes  If "Yes"
been filed?   ☐ No   give date
                     filed  _____

DATE OF  ▶
ARREST   _____

Month/Day/Year

Or... if Arresting Agency & Warrant were not

DATE TRANSFERRED  ▶
TO U.S. CUSTODY   _____

Month/Day/Year

☐ This report amends AO 257 previously submitted

### ADDITIONAL INFORMATION OR COMMENTS

PROCESS:
☐ SUMMONS  ☐ NO PROCESS*  ☒ WARRANT    Bail Amount: No Bail

If Summons, complete following:
☐ Arraignment  ☐ Initial Appearance

Defendant Address:

* Where defendant previously apprehended on complaint, no new summons or warrant needed, since Magistrate has scheduled arraignment

_____    Date/Time: _____    Before Judge: _____

Comments:

1  BRIAN J. STRETCH (CABN 163973)
   United States Attorney

2

3                                              **FILED**

4                                                 OCT 1 0 2017

5                                                 SUSAN Y. SOONG
                                              CLERK, U.S. DISTRICT COURT
6                                            NORTHERN DISTRICT OF CALIFORNIA

7

8                        UNITED STATES DISTRICT COURT

9                      NORTHERN DISTRICT OF CALIFORNIA

10                          SAN FRANCISCO DIVISION

11

12  UNITED STATES OF AMERICA,                )   Case No. CR
                                             )
13          Plaintiff,                       )   CR 17    533 EMC
                                             )
14      v.                                   )
                                             )
15  JONATHAN JOSEPH NELSON, a/k/a "Jon       )   VIOLATIONS – 18 U.S.C. § 1962(d) – RICO
    Jon,"                                    )   Conspiracy, 18 U.S.C. § 1959(a)(5) – Conspiracy to
16  RAYMOND MICHAEL FOAKES, a/k/a "Ray       )   Commit VICAR Murder, 18 U.S.C. § 1959(a)(2) –
    Ray,"                                    )   VICAR Maiming, 18 U.S.C. § 1959(a)(3) – VICAR
17  RUSSELL ALLEN LYLES, JR., a/k/a "J.R.,"  )   Assault With a Dangerous Weapon, 18 U.S.C. §
18  JEREMY DANIEL GREER,                     )   924(c)(1)(A) – Use/Possession of a Firearm During a
    BRIAN WAYNE WENDT,                       )   Crime of Violence, 18 U.S.C. § 1951(a)(1) – Hobbs
19  RUSSELL TAYLOR OTT, a/k/a "Rusty,"       )   Act Robbery, 18 U.S.C. § 1512(b) – Witness
    CHRISTOPHER RANIERI, a/k/a "Rain Man,"   )   Intimidation; 18 U.S.C. § 1963(a), 18 U.S.C. §
20  DAMIEN DAVID CESENA,                     )   924(d), 18 U.S.C. § 981(a)(1)(C), 28 U.S.C. §
    BRIAN ALLEN BURKE, a/k/a "Bucky,"        )   2461(c) – Criminal Forfeiture
21  JASON RANDALL CLIFF, a/k/a "Agro," and   )
22  DAVID SALVATORE DIAZ, III,               )   SAN FRANCISCO VENUE
                                             )
23          Defendants.                      )
                                             )
24                                           )
                                             )
25                                           )
    _____)
26

27

28

INDICTMENT

I N D I C T M E N T

The Grand Jury charges:

Introduction

At all times relevant to this Indictment, and with all dates being approximate and all date ranges being approximate and inclusive:

1.     The Hells Angels are a transnational violent outlaw motorcycle gang, and the Hells Angels Sonoma County chapter (HASC) is a subset of that organization whose members primarily operate in Sonoma County, California and surrounding counties, and whose activities have affected other parts of the United States.  HASC has been in operation since the early 1970s.  Associates of HASC include Hells Angels who have a close relationship with HASC, particularly members of the Fresno and Salem/Boston chapters of the Hells Angels.

2.     Members and associates of HASC signify their membership by wearing clothing, such as vests, with the words "Hells Angels" and the "death's head" logo.  These words and logo are displayed on the back of vests in the form of patches, coupled with a patch that indicates the geographical area claimed by the chapter—"California" in the case of HASC, as depicted below:



INDICTMENT                                        2

1 Members of HASC and associates who are Hells Angels also wear tattoos bearing the words "Hells

2 Angels" and various iterations of the death's head symbol. Members claim the colors red and white, and

3 they wear patches in these colors that signify their affiliation with HASC, such as smaller rectangular

4 patches on the front of their vests that state "Sonoma Co."

5       3.      Other red and white patches can indicate a member's role as an officer within HASC,

6 such as "President," or can indicate a close affiliation with a sister Hells Angels chapter. For instance,

7 an HASC member wearing a "Boston" patch on his vest would indicate that he is held in esteem by the

8 Salem/Boston chapter, and a member of the Fresno chapter wearing a "Sonoma County" patch on his

9 vest would indicate that he is held in esteem by HASC. Still other red and white patches are designed to

10 highlight aspects about HASC in general. For instance, some HASC members wear rectangular red and

11 white patches that state "Young Guns." This is a patch that HASC has adopted for itself which

12 commemorates the fact that at one point, HASC inducted the youngest member of the Hells Angels—

13 defendant RUSSELL LYLES—when he was 19 years old. It also indicates that HASC was a vibrant

14 chapter, with several young members.

15       4.      HASC members and associates also display patches that celebrate deeds performed on

16 behalf of HASC or the Hells Angels in general. A common one is the "Filthy Few" patch. This patch,

17 in black and white, traditionally indicated that a member committed a murder on behalf of the Hells

18 Angels, but it can also indicate that the member has committed an HASC-related violent act. Some

19 HASC members also have a "Sturgis Wrecking Crew" patch, which indicates that the member

20 performed some act of violence on behalf of HASC or the Hells Angels in general at the annual

21 motorcycle rally held in Sturgis, South Dakota.

22       5.      Members and associates of HASC are expected to protect the name, reputation, and status

23 of the gang and its individual members from harm, insult, or disrespect by rival gang members and other

24 persons. HASC members require that all individuals show respect and deference to the gang, its

25 members and associates, and their families. To protect the gang and to enhance its reputation, HASC

26 members are expected to use any means necessary, including acts of intimidation and violence, to obtain

27 respect from those who show its members disrespect.

28       6.      Members and associates of HASC engage in criminal activity, including murder,

INDICTMENT                                      3

1   narcotics distribution, assault, robbery, extortion, illegal firearms possession, and obstruction of justice

2   by threatening, intimidating, and retaliating against witnesses whom they believed to be cooperating

3   with law enforcement and by destroying evidence and providing false information to law enforcement.

4   HASC members and associates commit acts of violence to maintain and enhance membership and

5   discipline within the gang, including violence against rival gang members, those perceived to be rival

6   gang members, rivals in general, those who disrespect or commit violence against HASC members or

7   other Hells Angels, friends or family, as well as HASC members and associates who violate the gang's

8   rules.

9          7.      HASC works cooperatively with other Hells Angels chapters to engage in criminal

10  activity.  HASC has particularly close relationships with chapters in Fresno, California and

11  Salem/Boston, Massachusetts.

12         8.      HASC has a formal leadership and membership structure that includes the following

13  officers:  President, Vice-President, Secretary, Treasurer, and Sergeant at Arms.  While HASC members

14  have voting rights on issues concerning the gang, HASC members ultimately answer to the officers, and

15  the Sergeant at Arms is responsible for enforcing discipline within the gang, often using violence even

16  against HASC members.  Becoming a member of HASC involves a formalized process.  A person

17  interested in membership is first invited to become a "hangaround," someone who performs menial tasks

18  on behalf of HASC and attempts to gain the respect of HASC members.  The next stage of membership

19  is that of a "prospect."  A prospect is allowed to wear a vest with a bottom patch that says "California"

20  and front patches that identify his status as a prospect and his local club, such as "Sonoma Co." for

21  HASC.  Prospects can attend part of the weekly HASC meetings, referred to as "church," but they are

22  not allowed to vote, and they must leave the meetings when important club business is discussed among

23  members.  Prospects are expected to do whatever members ask.  At church, they guard the clubhouse.

24  On motorcycle trips by the chapter, or "runs," they are expected to hold firearms.  A person generally is

25  a prospect for a year before being considered for full membership.

26         9.      If a prospect successfully completes the one-year probationary period, the chapter can

27  vote to make him a full member.  If accepted for membership, the person can then wear a vest with all

28  the patches—the "Hells Angels" top patch on the back of the vest, the death's head patch in the middle,

INDICTMENT                                         4

and the "California" patch on the bottom. For this reason, actual HASC members are often referred to as "full patch" members. The member can also wear clothing, jewelry, and tattoos that explicitly use the Hells Angels name and the death's head logo.

10.     HASC members and associates communicate about gang activities with other HASC members using mobile telephones, telephone text messages, and other modes of electronic and wire communications.

The Racketeering Enterprise

11.     HASC, including its leadership, members, and associates constitutes an "enterprise" as defined in Title 18, United States Code, Sections 1961(4) and 1959(b)(2), that is, a group of individuals associated in fact that is engaged in, and the activities of which affect, interstate and foreign commerce. The enterprise constitutes an ongoing organization whose members function as a continuing unit that has a common purpose of achieving the objectives of the enterprise.

Purposes of the Enterprise

12.     The purposes of the HASC enterprise, including its members and associates, include, but are not limited to, the following:

a.     Preserving and protecting the power, territory, reputation, and profits of the enterprise, its members, and family members, through the use of intimidation, violence, threats of violence, assaults, and murder;

b.     Promoting and enhancing the enterprise and the activities of its members and associates, including, but not limited to, murder, conspiracy to murder, narcotics trafficking, robbery, extortion, witness intimidation, and other criminal activities;

c.     Keeping victims, potential victims, and community members in fear of the enterprise and its members and associates through violence and threats of violence;

d.     Providing financial support and information to HASC members, including those who are incarcerated; and

e.     Providing assistance to other HASC members who commit crimes for and on behalf of the gang, to hinder, obstruct, and prevent law enforcement officers from identifying the offenders, apprehending the offenders, and successfully prosecuting and punishing the offenders.

INDICTMENT                              5

1    <u>The Means and Methods of the Enterprise</u>

2        13.    The means and methods by which the defendants and other members and associates of

3    HASC conduct and participate in the conduct of the affairs of HASC include, but are not limited to:

4            a.    Members of HASC protect and expand the enterprise's criminal operation by

5    committing, attempting, and threatening to commit violence, including murder, assaults, intimidation,

6    and threats of violence directed against rival gang members, rivals in general, those who disrespect

7    HASC, its members, associates, and families, and potential witnesses to the crimes of the enterprise;

8            b.    Members of HASC promote a climate of fear through intimidation, violence, and

9    threats of violence intended to promote the authority of the enterprise and its members and to insulate its

10    members from prosecution for the criminal actions of the enterprise; and

11            c.    Members of HASC use the enterprise to murder, assault, and threaten those who

12    pose a threat to the enterprise.

13        14.    It is part of the means and methods of the enterprise that the defendants and other

14    members and associates of HASC discuss with other members and associates of HASC, among other

15    things, the membership and rules of HASC; the status of HASC members and associates who were

16    arrested or incarcerated; the disciplining of HASC members; HASC members' encounters with law

17    enforcement; the identities of individuals suspected of cooperating with law enforcement and the

18    proposed actions to be taken against them; plans and agreements regarding the commission of future

19    crimes, including murder, robbery, extortion, narcotics distribution, illegal possession of firearms, and

20    assault, as well as ways to conceal these crimes; and the enforcement of the rules of HASC.

21        15.    It is further part of the means and methods of the enterprise that the defendants and other

22    members and associates of HASC agreed to purchase, possess, maintain, use, and circulate a collection

23    of firearms for use in criminal activity by the members and associates of HASC.

24        16.    It is further part of the means and methods of the enterprise that the defendants and other

25    members and associates of HASC agreed that acts of violence, including murder, attempted murder, and

26    assault, would be committed by members and associates of HASC against rival gang members and

27    others when it suited the enterprise's purposes.

28

INDICTMENT                                6

17.    It is further part of the means and methods of the enterprise that the defendants and other members and associates of HASC agreed to distribute narcotics, to commit robbery, extortion, and other crimes, and to conceal their criminal activities by obstructing justice, threatening and intimidating witnesses, and other means.

The Defendants

18.    Defendant JONATHAN JOSEPH NELSON, a/k/a "Jon Jon," is the President of HASC. Defendant RAYMOND MICHAEL FOAKES, a/k/a "Ray Ray," is a member of HASC and the former President of HASC. Defendant RUSSELL ALLEN LYLES, JR., a/k/a "J.R.," is a member of HASC and the former Sergeant at Arms of HASC. Defendant JEREMY DANIEL GREER is a former member of HASC. Defendant BRIAN WAYNE WENDT is the President of the Fresno chapter of the Hells Angels. Defendant RUSSELL TAYLOR OTT, a/k/a "Rusty," is a member of HASC and the former President of HASC. CHRISTOPHER RANIERI, a/k/a "Rain Man," is the President of the Salem/Boston chapter of the Hells Angels. Defendant DAMIEN DAVID CESENA is a member of HASC. Defendant BRIAN ALLEN BURKE, a/k/a "Bucky," is a member of HASC. Defendant JASON RANDALL CLIFF, a/k/a "Agro," is a member of HASC. Defendant DAVID SALVATORE DIAZ, III is the Secretary of HASC.

COUNT ONE:        (18 U.S.C. § 1962(d) — Racketeering Conspiracy)

The Racketeering Conspiracy

19.    Paragraphs 1 through 18 of this Indictment are realleged and incorporated by reference as though fully set forth herein.

20.    Beginning on a date unknown to the Grand Jury but since at least 2007, and continuing up through and including the present, in the Northern District of California and elsewhere, the defendants,

JONATHAN JOSEPH NELSON, a/k/a "Jon Jon,"<br>
RAYMOND MICHAEL FOAKES, a/k/a "Ray Ray,"<br>
RUSSELL ALLEN LYLES, JR., a/k/a "J.R.,"<br>
JEREMY DANIEL GREER,<br>
BRIAN WAYNE WENDT,<br>
RUSSELL TAYLOR OTT, a/k/a "Rusty,"

CHRISTOPHER RANIERI, a/k/a "Rain Man,"
DAMIEN DAVID CESENA, and
DAVID SALVATORE DIAZ, III,

together with others known and unknown to the Grand Jury, each being a person employed by and associated with HASC, an enterprise engaged in, and the activities of which affected, interstate and foreign commerce, unlawfully, knowingly, and intentionally conspired to violate Title 18, United States Code, Section 1962(c), that is to conduct and participate, directly and indirectly, in the conduct of the affairs of the HASC enterprise through a pattern of racketeering activity, as defined in Title 18, United States Code, Sections 1961(1) and (5), which pattern of racketeering activity consisted of multiple acts and threats involving offenses chargeable under the following provisions of California law:

a.    murder, in violation of California Penal Code Sections 187, 188, 189, 182, 422, and 664;

b.    robbery, in violation of California Penal Code Sections 21a, 211, 212, 212.5, 213, 182, and 664;

c.    extortion, in violation of California Penal Code Sections 21a, 182, 518, 519, 520, 524, and 664;

multiple acts indictable under the following provisions of federal law:

d.    robbery and extortion, in violation of Title 18, United States Code, Section 1951; and

e.    witness intimidation, in violation of Title 18, United States Code, Section 1512; and offenses involving the manufacture, importation, receiving, concealment, buying, selling, or otherwise dealing in a controlled substance, in violation of Title 21, United States Code, Sections 841(a)(1) and 846.

21.    It was part of the conspiracy that each defendant agreed that a conspirator would commit at least two acts of racketeering activity in the conduct of the affairs of the enterprise.

//

//

//

INDICTMENT                                    8

Overt Acts

22. In furtherance of the conspiracy and in order to effectuate the object thereof, the defendants and their co-conspirators, in various combinations, directly and indirectly, within the Northern District of California and elsewhere, committed overt acts, including, but not limited to, the following:

a. In July and August 2007, RAYMOND FOAKES committed acts of bank fraud and money laundering in connection with a mortgage fraud scheme. The purpose of the mortgage fraud was to obtain a residence in which to establish an indoor marijuana cultivation operation.

b. On or about February 10, 2008, JONATHAN NELSON and a San Francisco Hells Angel assaulted an individual at a bar.

c. On or about June 12, 2008, RUSSELL LYLES possessed three shotguns, a loaded pistol, two rifles, a homemade mace-type weapon, two sets of brass knuckles, a drum-style large capacity magazine for an AR-15 rifle, several knives, and eight Kevlar bulletproof vests. LYLES was also in possession of 84 growing marijuana plants at the same time.

d. On or about June 4, 2011, HASC members assaulted a member of the rival Vagos motorcycle gang.

e. On or about July 15, 2014, BRIAN WENDT, aided and abetted by JONATHAN NELSON and RUSSELL OTT, killed Victim 1 at the Fresno Hells Angels clubhouse. The murder began when JONATHAN NELSON directed Victim 1 to travel to the Fresno Hells Angels clubhouse to meet with BRIAN WENDT, and on or about July 15, 2014, RUSSELL OTT travelled with Victim 1 from the Northern District of California to Fresno, California.

f. On or about January 15, 2015, DAMIEN CESENA and JEREMY GREER conducted a home invasion robbery of Victim 2, during which they took marijuana.

g. On or about August 25, 2015, DAMIEN CESENA possessed an illegal weapon— a ball peen hammer—located in his motorcycle and a loaded magazine for a pistol located in his office.

h. On or about September 2, 2015, JONATHAN NELSON and RUSSELL LYLES stole a motorcycle from Victim 3.

i. On or about May 18, 2016, JEREMY GREER robbed Victim 4 of marijuana.

INDICTMENT                                                    9

j.      On or about November 26, 2016, JONATHAN NELSON, RAYMOND FOAKES, RUSSELL LYLES, JEREMY GREER, and JASON CLIFF maimed and assaulted Victim 5.

k.      On or about November 26, 2016, RUSSELL LYLES, DAVID DIAZ, DAMIEN CESENA, and other HASC members stole property, including a motorcycle, from Victim 5.

l.      On or about November 26, 2016, RAYMOND FOAKES sexually assaulted Victim 6.  During the assault, RAYMOND FOAKES threatened to harm Victim 6 and Victim 6's family if Victim 6 reported the assault.

m.      On or about December 19, 2016, JEREMY GREER robbed Victim 4 of marijuana and United States currency.

n.      On or about December 23, 2016, JEREMY GREER and a third person followed Victim 4 in a vehicle that contained two loaded pistols, zip ties pre-formed for ready handcuffs, latex gloves and other gloves, clown masks, blank keys, lockpicks for automobiles, camouflage outfits, a home-made club with nails embedded into it, bolt cutters, a fencepost driver that could be used as a door battering ram, and a large quantity of HASC paraphernalia, including two sweatshirts and a hat from the Hells Angels Salem/Boston chapter.

o.      On or about February 8, 2017, BRIAN BURKE threatened and intimidated Victim 6, who was a potential witness against RAYMOND FOAKES.

p.      On or about February 25, 2017, BRIAN WENDT and another member of the Fresno Hells Angels chapter possessed multiple Glock pistols, a Desert Eagle .44 magnum pistol, a Springfield Armory .45 caliber pistol, a .44 magnum revolver, a .357 magnum revolver, two rifles, a loaded high-capacity drum magazine for an assault rifle, various loaded magazines, loose ammunition, and several knives.

q.      On or about February 26, 2017, DAVID DIAZ illegally possessed a 13 inch knife.

All in violation of Title 18, United States Code, Section 1962(d).

//
//
//
//

INDICTMENT                                    10

1          j.      On or about November 26, 2016, JONATHAN NELSON, RAYMOND

2 FOAKES, RUSSELL LYLES, JEREMY GREER, and JASON CLIFF maimed and assaulted Victim 5.

3          k.      On or about November 26, 2016, RUSSELL LYLES, DAVID DIAZ, DAMIEN

4 CESENA, and other HASC members stole property, including a motorcycle, from Victim 5.

5          l.      On or about November 26, 2016, RAYMOND FOAKES sexually assaulted

6 Victim 6.  During the assault, RAYMOND FOAKES threatened to harm Victim 6 and Victim 6's family

7 if Victim 6 reported the assault.

8          m.      On or about December 19, 2016, JEREMY GREER robbed Victim 4 of marijuana

9 and United States currency.

10          n.      On or about December 23, 2016, JEREMY GREER and a third person followed

11 Victim 4 in a vehicle that contained two loaded pistols, zip ties pre-formed for ready handcuffs, latex

12 gloves and other gloves, clown masks, blank keys, lockpicks for automobiles, camouflage outfits, a

13 home-made club with nails embedded into it, bolt cutters, a fencepost driver that could be used as a door

14 battering ram, and a large quantity of HASC paraphernalia, including two sweatshirts and a hat from the

15 Hells Angels Salem/Boston chapter.

16          o.      On or about February 8, 2017, BRIAN BURKE threatened and intimidated

17 Victim 6, who was a potential witness against RAYMOND FOAKES.

18          p.      On or about February 25, 2017, BRIAN WENDT and another member of the

19 Fresno Hells Angels chapter possessed multiple Glock pistols, a Desert Eagle .44 magnum pistol, a

20 Springfield Armory .45 caliber pistol, a .44 magnum revolver, a .357 magnum revolver, two rifles, a

21 loaded high-capacity drum magazine for an assault rifle, various loaded magazines, loose ammunition,

22 and several knives.

23          q.      On or about February 26, 2017, DAVID DIAZ illegally possessed a 13 inch knife.

24          All in violation of Title 18, United States Code, Section 1962(d).

25 //

26 //

27 //

28 //

COUNT TWO:          (18 U.S.C. § 1959(a)(5) — Conspiracy to Commit Murder in Aid of
                   Racketeering)

23.    Paragraphs 1 through 18 of this Indictment are realleged and incorporated by reference as though fully set forth herein.

24.    The HASC enterprise, through its members and associates, engaged in racketeering activity, as defined in Title 18, United States Code, Sections 1959(b)(1) and 1961(1), namely multiple acts and threats in violation of California Penal Code Sections 187, 188, 189, 182, 422 and 664 (involving murder); multiple acts and threats in violation of California Penal Code Sections 21a, 211, 212, 212.5, 213, 182, 21a, and 664 (involving robbery); multiple acts in violation of California Penal Code Sections 21a, 182, 518, 519, 520, 524, and 664 (involving extortion); multiple acts indictable under Title 18, United States Code, Sections 1951 (relating to interference with commerce, robbery, or extortion) and 1512 (relating to tampering with a witness, victim, or informant); and offenses involving the manufacture, importation, receiving, concealment, buying, selling, or otherwise dealing in a controlled substance, in violation of Title 21, United States Code, Sections 841(a)(1) and 846.

25.    Beginning on a date unknown to the Grand Jury, but continuing to on or about July 15, 2014, in the Northern District of California and elsewhere, for the purpose of gaining entrance to and maintaining and increasing position in HASC, an enterprise engaged in racketeering activity, defendants

JONATHAN JOSEPH NELSON, a/k/a "Jon Jon,"
BRIAN WAYNE WENDT,
RUSSELL TAYLOR OTT, a/k/a "Rusty," and
CHRISTOPHER RANIERI, a/k/a "Rain Man,"

conspired together and with others known and unknown to murder Victim 1, in violation of California Penal Code Sections 182, 187, 188, and 189.

All in violation of Title 18, United States Code, Section 1959(a)(5).


COUNT THREE:          (18 U.S.C. § 1951(a) — Hobbs Act Robbery)

26.    On or about January 15, 2015, in the Northern District of California, defendants

JEREMY DANIEL GREER and
DAMIEN DAVID CESENA,

INDICTMENT                    11

1  each aided and abetted by the other, knowingly obstructed, delayed, and affected commerce and the

2  movement of articles and commodities in commerce by robbery, as that term is defined in Title 18,

3  United States Code, Section 1951(b)(1); that is, defendants robbed Victim 2 of marijuana.

4      All in violation of Title 18, United States Code, Sections 1951(a) and 2.

5

6  COUNT FOUR:          (18 U.S.C. § 1951(a) — Hobbs Act Robbery)

7      27.    On or about May 18, 2016, in the Northern District of California, defendant

8                      JEREMY DANIEL GREER

9  knowingly obstructed, delayed, and affected commerce and the movement of articles and commodities

10  in commerce by robbery, as that term is defined in Title 18, United States Code, Section 1951(b)(1); that

11  is, defendant robbed Victim 4 of marijuana.

12      All in violation of Title 18, United States Code, Section 1951(a).

13

14  COUNT FIVE:          (18 U.S.C. § 1959(a)(2) — Maiming in Aid of Racketeering)

15      28.    Paragraphs 1 through 18 and 24 of this Indictment are realleged and incorporated by

16  reference as though fully set forth herein.

17      29.    On or about November 26, 2016, in the Northern District of California, for the purpose of

18  gaining entrance to and maintaining and increasing position in HASC, an enterprise engaged in

19  racketeering activity, defendants

20              JONATHAN JOSEPH NELSON, a/k/a "Jon Jon,"
              RAYMOND MICHAEL FOAKES, a/k/a "Ray Ray,"
21              RUSSELL ALLEN LYLES, JR., a/k/a "J.R.,"
22              JEREMY DANIEL GREER, and
              JASON RANDALL CLIFF,
23

24  each aided and abetted by the others, unlawfully and knowingly maimed Victim 5, in violation of

25  California Penal Code Section 203.

26      All in violation of Title 18, United States Code, Sections 1959(a)(2) and 2.

27

28

INDICTMENT                          12

1  COUNT SIX:         (18 U.S.C. § 1959(a)(3) — Assault with a Dangerous Weapon in Aid of

2                      Racketeering)

3      30.    Paragraphs 1 through 18 and 24 of this Indictment are realleged and incorporated by

4  reference as though fully set forth herein.

5      31.    On or about November 26, 2016, in the Northern District of California, for the purpose of

6  gaining entrance to and maintaining and increasing position in HASC, an enterprise engaged in

7  racketeering activity, defendants

8                  JONATHAN JOSEPH NELSON, a/k/a "Jon Jon,"
                   RAYMOND MICHAEL FOAKES, a/k/a "Ray Ray,"
9                  RUSSELL ALLEN LYLES, JR., a/k/a "J.R.,"
                        JEREMY DANIEL GREER, and
10                       JASON RANDALL CLIFF,
11

12  each aided and abetted by the others, unlawfully and knowingly assaulted Victim 5 with a dangerous

13  weapon, specifically, a firearm, in violation of California Penal Code Section 245(a)(2).

14      All in violation of Title 18, United States Code, Sections 1959(a)(3) and 2.

15

16  COUNT SEVEN:       (18 U.S.C. § 924(c)(1)(A) — Use/Possession of a Firearm During a Crime of

17                      Violence)

18      32.    On or about November 26, 2016, in the Northern District of California, defendant

19                  JONATHAN JOSEPH NELSON, a/k/a "Jon Jon,"

20  together with others known and unknown, unlawfully and knowingly used, carried, and brandished a

21  firearm during and in relation to a crime of violence for which he may be prosecuted in a court of the

22  United States, namely, the maiming in aid of racketeering of Victim 5 charged in Count Five of this

23  Indictment and the assault with a dangerous weapon in aid of racketeering of Victim 5 charged in Count

24  Six of this Indictment, and possessed and brandished a firearm in furtherance of the offenses charged in

25  Counts Five and Six of this Indictment.

26      All in violation of Title 18, United States Code, Section 924(c)(1)(A).

27

28

INDICTMENT                    13

1  COUNT EIGHT:          (18 U.S.C. § 1512(b) — Witness Intimidation)

2       33.    On or about November 26, 2016, in the Northern District of California, defendant

3                          RAYMOND MICHAEL FOAKES, a/k/a "Ray Ray,"

4  knowingly attempted to intimidate and threaten and corruptly persuade Victim 6 by threatening to harm

5  Victim 6 and Victim 6's family with the intent to influence and delay and prevent the testimony of

6  Victim 6 in an official proceeding, to wit, any adjudication of RAYMOND FOAKES' violation of the

7  conditions of his supervised release in Case No. CR 11-0624 WHA (N.D. Cal.).

8       All in violation of Title 18, United States Code, Section 1512(b)(1).

9

10 COUNT NINE:          (18 U.S.C. § 1951(a) — Hobbs Act Robbery)

11      34.    On or about December 19, 2016, in the Northern District of California, defendant

12                          JEREMY DANIEL GREER

13 knowingly obstructed, delayed, and affected commerce and the movement of articles and commodities

14 in commerce by robbery, as that term is defined in Title 18, United States Code, Section 1951(b)(1); that

15 is, defendant robbed Victim 4 of marijuana and United States currency.

16      All in violation of Title 18, United States Code, Section 1951(a).

17

18 COUNT TEN:          (18 U.S.C. § 924(c)(1)(A) — Use/Possession of a Firearm During a Crime of

19                          Violence)

20      35.    On or about December 19, 2016, in the Northern District of California, defendant

21                          JEREMY DANIEL GREER

22 unlawfully and knowingly used, carried, and brandished a firearm during and in relation to a crime of

23 violence for which he may be prosecuted in a court of the United States, namely, the robbery of Victim

24 4 charged in Count Nine of this Indictment, and possessed a firearm in furtherance of the offense

25 charged in Count Nine of this Indictment.

26      All in violation of Title 18, United States Code, Section 924(c)(1)(A

27

28

INDICTMENT                          14

COUNT ELEVEN:     (18 U.S.C. § 1512(b) — Witness Intimidation)

36.     On or about February 8, 2017, in the Northern District of California, defendant

BRIAN ALLEN BURKE, a/k/a "Bucky,"

knowingly attempted to intimidate and threaten and corruptly persuade Victim 6 by threatening to shoot

Victim 6 with a firearm with the intent to influence and delay and prevent the testimony of Victim 6 in

an official proceeding, to wit, the adjudication of RAYMOND FOAKES' violation of the conditions of

his supervised release in Case No. CR 11-0624 WHA (N.D. Cal.).

All in violation of Title 18, United States Code, Section 1512(b)(1).


FORFEITURE ALLEGATION:        (18 U.S.C. § 1963(a); 18 U.S.C. § 924(d); 18 U.S.C. §

981(a)(1)(C); 28 U.S.C. § 2461(c))

37.     The factual allegations contained in Count One this Indictment are realleged and by this

reference fully incorporated herein for the purpose of alleging forfeiture pursuant to the provisions of 18

U.S.C. § 1963(a).  Upon conviction of the offense alleged in Count One, the defendants,

JONATHAN JOSEPH NELSON, a/k/a "Jon Jon,"
RAYMOND MICHAEL FOAKES, a/k/a "Ray Ray,"
RUSSELL ALLEN LYLES, JR., a/k/a "J.R.,"
JEREMY DANIEL GREER,
BRIAN WAYNE WENDT,
RUSSELL TAYLOR OTT, a/k/a "Rusty,"
CHRISTOPHER RANIERI, a/k/a "Rain Man,"
DAMIEN DAVID CESENA, and
DAVID SALVATORE DIAZ, III,

shall forfeit to the United States, pursuant to 18 U.S.C. § 1963(a), (1) any interest the person has

acquired or maintained in violation of 18 U.S.C. § 1962; (2) any interest in, security of, claim against, or

property or contractual right of any kind affording a source of influence over, any enterprise which the

person has established, operated, controlled, conducted or participated in the conduct of, in violation of

18 U.S.C. § 1962; and (3) any property (including real property and things growing thereon, affixed

thereto and found in land, and any tangible and intangible personal property including rights, privileges,

interests, claims, and securities), constituting or derived from any proceeds which the person obtained

INDICTMENT                              15

1  directly or indirectly from racketeering activity in violation of 18 U.S.C. § 1962.

2      38.    The factual allegations contained in Counts Three through Seven, Nine, and Ten of this

3  Indictment are re-alleged and by this reference fully incorporated herein for the purpose of alleging

4  forfeiture pursuant to the provisions of 18 U.S.C. § 924(d) and 28 U.S.C. § 2461(c).  Upon conviction of

5  the offenses alleged in Counts Three through Seven, Nine, and Ten, defendants

6              JONATHAN JOSEPH NELSON, a/k/a "Jon Jon,"
               JEREMY DANIEL GREER, and
7              DAMIEN DAVID CESENA

8

9  shall forfeit to the United States, pursuant to 18 U.S.C. § 924(d) and 28 U.S.C. § 2461(c), any firearm or

10 ammunition involved in a violation of the offenses.

11     39.    The factual allegations contained in Counts Eight and Eleven of this Indictment are re-

12 alleged and by this reference fully incorporated herein for the purpose of alleging forfeiture pursuant to

13 the provisions of 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c).  Upon conviction of the offenses

14 alleged in Counts Eight and Eleven, defendants

15             RAYMOND MICHAEL FOAKES, a/k/a "Ray Ray," and
               BRIAN ALLEN BURKE, a/k/a "Bucky,"
16

17 shall forfeit to the United States, pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c), any

18 property, real or personal, which constitutes or is derived from proceeds traceable to the offense, or any

19 property traceable to such property.

20     40.    If any of the property described above, as a result of any act or omission of the

21 defendants:

22         a.    cannot be located upon the exercise of due diligence;

23         b.    has been transferred or sold to or deposited with, a third person;

24         c.    has been placed beyond the jurisdiction of the Court;

25         d.    has been substantially diminished in value; or

26         e.    has been commingled with other property which cannot be divided without

27               difficulty;

28

INDICTMENT                          16

any and all interest the defendant has in any other property (not to exceed the value of the above forfeitable property) shall be forfeited to the United States, pursuant to 18 U.S.C. § 1963(m) and 21 U.S.C. § 853(p), as incorporated by 28 U.S.C. § 2461(c).

All in violation of 18 U.S.C. § 1963(a); 18 U.S.C. § 1963(m); 18 U.S.C. § 924(a); 18 U.S.C. § 981(a)(1)(C); 28 U.S.C. § 2461(c) and pursuant to Rule 32.2 of the Federal Rules of Criminal Procedure.

DATED: 10|10|17

A TRUE BILL.

_____
FOREPERSON

BRIAN J. STRETCH
United States Attorney

_____
BARBARA VALLIERE
Chief, Criminal Division

(Approved as to form: _____ )
AUSA KEVIN J. BARRY

INDICTMENT                                    17