

U.S. Department of Justice

*United States Attorney*
*Northern District of California*

| | |
|---|---|
| *11th Floor, Federal Building* | *(415)436-7200* |
| *450 Golden Gate Ave., Box 36055* | |
| *San Francisco, CA 94102-3495* | *FAX: (415)436-7234* |

August 26, 2019

<u>Via Email</u>

Martin Sabelli
msabelli@sabellilaw.com

John T. Philipsborn
jphilipsbo@aol.com

James Thompson
james@ycbtal.net

      Re:    *United States v. Nelson*, CR 17-0533 EMC

<b><u>Status Report Re: Experts</u></b>

Dear Counsel:

      I write to address the following issues regarding experts:  (1) to provide the status of the government's disclosures for the enterprise and CAST experts; (2) to provide more information regarding the "additional expert testimony" referred to at the end of the government's August 14, 2019 letter; and (3) to indicate a reasonable deadline for disclosure of experts in the non-CAST and non-enterprise areas.

      (1)    For the CAST expert and experts who will provide expert testimony regarding the Sonoma County Hells Angels and the Hells Angels in general, the government will provide those Rule 16 disclosures on October 4, 2019.  That provides slightly more than four weeks, once the Labor Day holiday and summer vacation schedules are taken into account.

      (2)    There were three areas of additional expert testimony to which he government referred in its August 14, 2019 letter: the cremation of human bodies; interpretation of medical records to assess the nature of injuries; and interstate nexus analysis for seized firearms and ammunition.  Hopefully, the parties can reach a stipulation regarding the interstate nexus for the firearms.  If not, that area of expertise is well-known, as it is a feature of every felon-in-possession of a firearm case.

      With respect to the cremation of human bodies, the government anticipates calling an expert who will address topics such as:

- The process of cremation, such as: the equipment typically used; the temperatures needed to burn a body; how long the process takes; what materials remain after cremation; how those remains are further processed, etc.
- Whether there is anything that could be used to identify a body after cremation, such as DNA, dental work, fingerprints, etc.
- Licensing requirements from the state, record keeping, etc. for crematories.
- Other methods for disposing of human bodies, including the types of equipment or material needed; whether those processes result in the elimination of identifying materials, such as DNA, dental work, fingerprints, etc.

With respect to medical records, the government anticipates needing expert witnesses to interpret the medical records of individuals who were assaulted by the defendants in this case, such as Victim 5 and Jeremy Greer. While the physicians who treated the victims will be percipient witnesses, and not necessarily experts, the government anticipates designating them as expert witnesses because they will testify not only regarding the nature of the injuries, but what type of force caused those injuries and what the prognosis would be for those injuries if the victims had not received medical attention.

(3) For non-enterprise and non-CAST experts, the government proposes January 10, 2020 as the date for disclosure. Assuming a trial date of December 2020, this allows plenty of time for the defense to secure any defense experts and for any *Daubert* or other challenges.

Please do not hesitate to contact me if you have any questions about this.

Very truly yours,

DAVID L. ANDERSON
United States Attorney

/s/
KEVIN J. BARRY
Assistant United States Attorney