# EXHIBIT A
## General Order No. 6

# GENERAL ORDER NO. 6
# PLAN FOR THE RANDOM SELECTION OF GRAND AND PETIT JURORS

UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA

This Jury Plan is adopted by the United States District Court for the Northern District of California, in accordance with the provisions of the Jury Selection and Service Act of 1968 (Public Law 90-274) ("Jury Act"), as amended and codified in 28 U.S.C. § 1861-1878.

## I. DEFINITIONS

The phrase "Jury Selection Process" in this Plan means all activities associated with the master jury wheels and relating to the random selection, qualification, summoning, and service of grand and petit jurors.

The word "Clerk" in this Plan means the Clerk of this court and any and all of his or her deputies.

The phrase "Chief Judge" in this Plan means the Chief Judge of this court, the acting Chief Judge, or such other judge as the Chief Judge may designate.

## II. DIVISIONS

Pursuant to 28 U.S.C. § 1869(e), the Northern District of California is hereby divided into jury divisions for jury selection purposes as follows:

- San Francisco-Oakland jury division, consisting of the counties of Alameda, Contra Costa, Marin, Napa, San Francisco, San Mateo, and Sonoma.
- San Jose jury division, consisting of the counties of Monterey, San Benito, Santa Clara, and Santa Cruz.
- Eureka jury division, consisting of the counties of Del Norte, Humboldt, Lake, and Mendocino.

A separate divisional master jury wheel will be maintained for each division. This Plan applies to each of the divisional master jury wheels. Jurors will be selected for service from a single jury division for petit juries, unless the Chief Judge directs otherwise. Jurors may be selected for service from a combination of divisions for grand juries.

## III. POLICY

All litigants in this court entitled to trial by jury have the right to grand and petit jurors selected at random from a fair cross section of the community in the district or jury division wherein the court convenes. All citizens have the opportunity to be considered for service on grand and petit juries and have an obligation to serve as jurors when summoned for that purpose.

No citizen qualified for service will be excluded from service as a grand or petit juror on account of race, color, religion, sex, national origin, economic status, disability, age, sexual orientation or gender identity.

No employer shall discharge, threaten to discharge, intimidate, or coerce any permanent employee over such employee's jury service, or the attendance or scheduled attendance in connection with such jury service. Any employer who acts in violation of this section shall be subject to penalties specified by 28 U.S.C. § 1875.

### IV. MANAGEMENT AND SUPERVISION OF JURY SELECTION PROCESS

In accordance with 28 U.S.C. § 1863(b)(1) and 1869(a), the Clerk is authorized to manage the Jury Selection Process under the supervision and control of the Chief Judge. The Clerk may delegate responsibility for the day-to-day operation of the Jury Selection Process to any authorized deputy clerk, or to any authorized non-court personnel, which may include:

- County or state officials, and their employees or agents, who are responsible for custody and maintenance of the source lists identified in Section V of this Plan.
- Owners, employees, operators and/or agents of computer or data processing centers, bar-coding facilities, mail handling centers, document reproduction facilities, and optical scanning facilities, and similar facilities whose services are requested or employed by the Clerk to support the Jury Selection Process.
- Other non-court administrative or clerical persons whose services are requested or employed by the Clerk to select, process, and/or mail the various documents and records involved in the Jury Selection Process.

### V. USE OF MULTIPLE-SOURCE LIST

To foster the policy and protect the rights secured by 28 U.S.C. §§ 1861 and 1862, driver's license and state ID information will be used to supplement voter record information for the creation of master jury wheels. The court finds this "multiple-source list" represents a fair cross section of the citizens residing in the district. Additional sources may be added in the future if feasible.

### VI. RANDOM SELECTION

The Clerk will use randomized selection procedures to ensure that the names chosen will represent all segments of the source lists from which the names are drawn, that the mathematical odds of any single name being picked are substantially equal, and that the possibility of human discretion or choice affecting the selection of any individual's name is eliminated.

A properly-programmed electronic data processing system may be used for all randomized drawings, including:

- selecting names from the complete multiple-source list proportionate to the number of registered voters in each county to create the master jury wheels;
- selecting names from a master jury wheel for the purpose of determining qualification for jury service;
- selecting from a pool of persons qualified for service to serve as grand or petit jurors;
- selecting from a pool of jurors to serve as a panel; and
- selecting from a panel of jurors to serve as a jury.

The electronic data processing system may also be used to perform clerical and record-keeping jury functions.

In the event of an emergency, computer malfunction, or any overt or obvious deviation from this Plan caused by automation, the Clerk will manage these functions manually.

## VII. MASTER JURY WHEELS

The Clerk shall maintain a master jury wheel for each of the jury divisions within the district. The names of all persons randomly selected from the multiple-source list from the counties in a jury division shall be placed in the master jury wheel for that jury division. The minimum number of names to be placed initially in these master jury wheels shall be as follows:

- San Francisco-Oakland jury division — 30,000
- San Jose jury division — 10,000
- Eureka jury division — 7,000

The foregoing minimum number of names represents well in excess of one-half of one percent of the total number of registered voters for each jury division and is in substantial compliance with the mandate of the Jury Act.

In accordance with 28 U.S.C. § 1863(b)(4), the master jury wheel of each jury division will be emptied and refilled by June 30 of every odd-numbered year. If additional time is needed to empty and refill the master jury wheels, permission must be obtained from the Chief Judge of the Ninth Circuit.

Jurors qualified from a previous jury wheel may serve at the same time as jurors qualified from a newly-filled jury wheel.

## VIII. DRAWING OF NAMES FROM THE MASTER JURY WHEELS

From time to time, the Clerk will draw at random from the master jury wheel of each jury division the names of as many persons as may be required for jury service in each jury division. The Clerk will mail to every person whose name is thus drawn a juror summons and qualification notice accompanied by instructions to complete the questionnaire via the court's website within ten days. The qualification notice will explain that a paper copy of the questionnaire can be mailed upon request.

In any case in which it appears that there is a substantive omission, ambiguity, or error in a juror qualification questionnaire, the Clerk will inform that person that additions or corrections must be made within five days.

For each juror summons and qualification form returned to the court as "undeliverable" and those to which no timely response has been received, the Clerk will randomly draw the name of another person residing in the same zip code and mail a new juror summons and qualification notice to that person.

If a person fails to complete a juror qualification questionnaire, the Clerk may issue a summons directing the person to appear in the Clerk's Office to complete the qualification questionnaire. No juror fees or costs for this appearance will be paid, unless otherwise ordered

by the court pursuant to 28 U.S.C. § 1864(a). The court may impose penalties authorized by 28 U.S.C § 1864(b) for failure to appear as directed.

## IX. DETERMINATION OF STATUS OF SUMMONED INDIVIDUALS

Except as provided herein and in 28 U.S.C. § 1866(c), no person or class of persons may be disqualified, excluded, excused or exempted from service as jurors. The Clerk, under supervision of the court, will determine solely on the basis of information provided on the juror qualification form and other competent evidence whether a person is unqualified for, exempt from, or otherwise eligible to be excused from jury service. The Clerk will record each such determination in the electronic data processing system or on the juror qualification questionnaire.

## X. QUALIFICATION

The Clerk must deem any person qualified to serve on grand and petit juries in this court unless such person:

- Is not a citizen of the United States who is eighteen years old and who has resided for a period of one year within the judicial district;
- Is unable to read, write, and understand the English language with a degree of proficiency sufficient to fill out satisfactorily the juror qualification form;
- Is unable to speak the English language;
- Is incapable, by reason of mental or physical infirmity, of rendering satisfactory jury service; or
- Has a charge pending against him or her for the commission of, or has been convicted in a state or federal court of record of, a crime punishable by imprisonment for more than one year and his or her civil rights have not been restored.

## XI. EXEMPTION

The court hereby finds that exemption of the following groups of persons or occupational classes is in the public interest and would not be inconsistent with the Jury Act; accordingly, members who are employed full-time in the following groups are exempt from jury service:

- Members in active service in the armed forces of the United States;
- Members of the fire or police departments of any state, district, territory, possession, or subdivision thereof; and
- Public officers in the executive, legislative, or judicial branches of the government of the United States, or any state, district or territory or possession, or subdivision thereof, who are actively engaged in the performance of official duties. Public officer means a person who is either elected to public office or who is directly appointed by a person or persons elected to public office.

## XII. EXCUSES ON INDIVIDUAL REQUEST

The court finds that jury service by the groups of persons or occupational classes listed below would entail undue hardship or extreme inconvenience to the members thereof and excuse of the members thereof would not be inconsistent with 28 U.S.C. §§ 1861 and 1862. The Clerk will excuse, upon individual request, members of the following groups:

- Persons over 75 years of age;
- Persons who within the last year have served on one or more petit or grand juries in any state court, or who have reported in person to the courthouse in response to a jury summons; persons who serve without compensation as firefighters or members of a rescue squad or ambulance crew for a public agency.

The court, or the Clerk as authorized by the court, may excuse a person summoned for jury service upon a showing of undue hardship or extreme inconvenience if required to serve.

Upon request, the Clerk may defer for up to six months the service of a person summoned.

In any one-year period, no person may be required to (1) serve or attend court more than once or be on standby for prospective service as a petit juror for a total of more than two weeks, except when necessary to complete service in a particular case, or (2) serve on more than one grand jury, or (3) serve as both a grand and petit juror.

## XIII. PETIT JURY PANELS

The Clerk will draw at random from the pool of qualified prospective jurors the number of persons anticipated to be necessary for assignment to petit jury panels. Unless otherwise ordered by the Chief Judge, the term of service of prospective petit jurors will be two weeks. During the two-week period, prospective petit jurors will be required to report to the courthouse no more than once unless the jury-selection process in the case to which they are assigned is continuing. Prospective jurors who report for jury selection but are not selected as jurors for any trial will have satisfied their jury service obligation upon completion of voir dire, empanelment of the final jury, or discharge by the judge. Prospective jurors who are selected as trial jurors will have satisfied their jury service obligation upon completion of the trial.

A petit juror serving more than 10 days on one case will be paid an additional $10 per day over the regular attendance fee for each day over 10 days served. 28 U.S.C. § 1871(b)(2).

## XIV. GRAND JURY PANELS

At least one grand jury will be impaneled serving the entire district, and will serve its term of service at San Francisco. To impanel district-wide grand juries, the Clerk will draw at random from a pool of qualified persons of each jury division for the grand jury panel such number of prospective grand jurors in the same ratio that the number of registered voters in each jury division bears to the total number of registered voters in the district.

The court may order additional grand juries to serve in other places as the court may designate and at such times as the court may order. For a grand jury to be impaneled for service

in one jury division only, the Clerk will draw at random from a pool of qualified persons of that jury division for the grand jury panel such number of prospective grand jurors as necessary.

Each grand jury must serve until discharged by the Chief Judge, but no regular, criminal grand jury will serve more than 18 months unless the court extends the service of the grand jury for a period of six months or less, upon a determination that such extension is in the public interest. Each special grand jury, as defined in 18 U.S.C. § 3331, will serve for a term of 18 months unless an order for its discharge or an extension of its term is entered by the court in accordance with 18 U.S.C. § 3331 or § 3333.

Alternate jurors may be designated at the time a grand jury is selected, and may thereafter be impaneled to replace excused jurors in the order in which they were designated. Alternate jurors are subject to the same challenges, and, if impaneled, will take the same oath and will have the same functions and powers as the regular grand jurors.

The impanelment of every regular or special grand jury will not be conducted in open court or within public view.

A grand juror attending more than 45 days of actual service will be paid an additional $10 per day over the regular attendance fee for each day over 45 days. 28 U.S.C. § 1871(b)(3).

## XV.    CHALLENGES TO THE SELECTION PROCEDURES

Any challenge to this Plan or the court's compliance with the provisions of this Plan or compliance with the provisions of the Jury Act must be made within the times and in the manner provided in 28 U.S.C. § 1867.

## XVI.   DISCLOSURE OF JURY RECORDS

The contents of records or papers used by the Clerk in connection with the Jury Selection Process will not be disclosed, except upon written order of the court. Applications for disclosure of records related to the Jury Selection Process must be made by motion to the trial judge and must set forth why disclosure should be allowed.

When the Clerk has assigned a venire panel to a particular trial, the list of names so assigned may be furnished to the attorneys for the parties and any parties appearing *pro se* in said trial on the day jury selection begins, unless otherwise ordered by the trial judge.

The names of prospective and sitting petit jurors will be disclosed to the public or media outside open court only upon order of the court. A request for such disclosure must be made to the trial judge pursuant to Civil Local Rule 7-11.

Except as authorized by written order of the court, the names and information relating to any summoned or serving grand juror or grand jury panel will be kept confidential and not disclosed to any litigant or member of the public. Applications for disclosure of grand juror information must be made by motion to the trial judge and must set forth why disclosure should be allowed. A motion for the names of grand jurors that is not related to a particular trial may be made by filing a miscellaneous action with the Clerk.

### XVII.  MAINTENANCE OF RECORDS

In accordance with 28 U.S.C. § 1868, the Clerk will keep all records and papers relating to the Jury Selection Process for four years following the emptying and refilling of the master jury wheels and the completion of service of all jurors selected from those master jury wheels, or for such longer periods of time as the court may require. Such records may then be destroyed, providing the means used ensures the privacy of their contents.

### XVIII. MODIFICATIONS AND EFFECTIVE DATE

Modifications to this Plan may be made from time to time by this court upon approval of the Ninth Circuit Reviewing Panel of the Judicial Council, and must be made when so directed by the Reviewing Panel.

The effective date of this Plan will be established by a separate order of this court after this Plan has been approved by the reviewing panel of the Ninth Circuit.

The prior Jury Plan will be superseded as of the effective date of this revised Plan.

A copy of the revised Plan, as approved by the reviewing panel, will be provided to the Administrative Office of the United States Courts and the Attorney General of the United States.

| | | |
|---|---|---|
| ADOPTED: | December 8, 1981 | FOR THE COURT: |
| AMENDED: | November 15, 1988 | |
| AMENDED: | April 6, 1989 | |
| AMENDED: | January 22, 1991 | |
| AMENDED: | July 21, 1992 | |
| AMENDED: | August 21, 2000 | |
| AMENDED: | February 22, 2001 | |
| AMENDED: | June 28, 2005 | |
| AMENDED: | February 23, 2009 | |
| AMENDED: | December 21, 2009 | |
| AMENDED: | February 19, 2015 | |
| AMENDED: | February 28, 2017 | |

PHYLLIS J. HAMILTON
UNITED STATES DISTRICT CHIEF JUDGE

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

**MISCELLANEOUS ORDER 2017.08.07**
_____

**IN RE: GENERAL ORDER 6
AMENDED JURY PLAN**
_____

    The Jury Plan, General Order 6, was amended by this court on February 28, 2017, and approved by the Judicial Council of the Ninth Circuit on July 19, 2017.  The effective date of the amended Jury Plan is August 7, 2017.

    **IT IS SO ORDERED**.

Dated: August 7, 2017

_____
PHYLLIS J. HAMILTON
CHIEF JUDGE