JOHN T. PHILIPSBORN - SBN 83944
Law Offices of JOHN T. PHILIPSBORN
507 Polk Street, Suite 350
San Francisco, CA 94102
(415) 771-3801
jphilipsbo@aol.com

MARTÍN ANTONIO SABELLI - SBN 164772
Law Offices of MARTIN SABELLI
740 Noe Street
San Francisco, CA 94114-2923
(415) 298-8435
msabelli@sabellilaw.com

Attorneys for BRIAN WAYNE WENDT

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>     Plaintiff,<br><br>vs.<br><br>JONATHAN JOSEPH NELSON, et al.,<br><br>     Defendants. | **Case No. CR-17-00533-EMC**<br><br>**DECLARATION OF COUNSEL IN SUPPORT OF MOTION TO EXCLUDE OR LIMIT THE TESTIMONY OF FBI OR OTHER EXPERT WITNESSES TESTIFYING ABOUT CELL PHONE COMMUNICATIONS AND LOCATIONS BASED ON HISTORICAL CELL CALL DETAIL RECORDS AND PROPRIETARY MAPPING SOFTWARE [*DAUBERT* AND F.R.E. 403]; MOTION FOR EVIDENTIARY HEARING [EXHIBITS ATTACHED]**<br><br>**Date: March 2, 2021**<br>**Time: 9:00AM**<br>**Dept: The Honorable Edward M. Chen**<br>          **District Court Judge** |

I, John T. Philipsborn, declare that:

1.      Martín A. Sabelli and I represent Brian Wendt.

2.      I drafted the Memorandum in support of this Motion, assisted by Mr. Sabelli. I also consulted with several other lawyers representing Mr. Wendt's co-

DECLARATION OF COUNSEL IN SUPPORT OF MOTION TO EXCLUDE OR LIMIT TESTIMONY OF FBI OR OTHER EXPERT WITNESSES TESTIFYING ABOUT CELL PHONE COMMUNICATIONS AND LOCATIONS BASED ON HISTORICAL CELL CALL DETAIL RECORDS AND PROPRIETARY MAPPING SOFTWARE [*DAUBERT* AND F.R.E. 403]; MOTION FOR EVIDENTIARY HEARING

1

defendant's who made suggestions about various matters. I am informed and believe that most of the defense lawyers in this case plan on joining in Mr. Wendt's arguments and objections. Thus far, as of January 29, 2021, I believe that only one lawyer has said that he does not intend to join in the objections.

3. In the course of the drafting process, I quoted from a number of reported cases. I believe that I have accurately quoted the various passages contained in the appended Memorandum.

4. I also cited literature of various kinds pertinent to cell phone evidence, and I believe that that literature was accurately cited and quoted. Appended here, the Court will find true and correct copies of three of the documents that Mr. Sabelli and I make reference to, one an article from Aaron Blank, whose article "The Limitations and Admissibility of Using Historical Cellular Site Data to Track the Location of a Cellular Phone" is appended here, copied from the original. Aaron Blank's article is appended here as Exhibit B.

5. I also accessed, via the internet, an excerpt from a text that is published by California's CEB, which is a joint venture enterprise between the University of California and the California State Bar. That excerpt deals with NELOS, a record that is generated by AT&T. The excerpt is attached as Exhibit A. I have cowritten and contributed to several publications of CEB and am personally familiar with many of the publications put out by CEB covering criminal law practice, as well as issues in scientific evidence. CEB also publishes various information sheets. I am informed and believe that I have copied text from a genuine CEB publication on aspects of cell phone analysis, covering the topic of NELOS records.

6. In the text I have quoted from a 2017 book from Kevin Metcalf titled *Cellphone Investigation Series: Preparing, Analyzing, and Mapping AT&T Records*. I believe that I have accurately quoted from that volume.

7. The Court will also find citations to and quotations from pleadings that are in the record of this case. Among them is a Government pleading (Doc 1364) that had as

**DECLARATION OF COUNSEL IN SUPPORT OF MOTION TO EXCLUDE OR LIMIT TESTIMONY OF FBI OR OTHER EXPERT WITNESSES TESTIFYING ABOUT CELL PHONE COMMUNICATIONS AND LOCATIONS BASED ON HISTORICAL CELL CALL DETAIL RECORDS AND PROPRIETARY MAPPING SOFTWARE [*DAUBERT* AND F.R.E. 403]; MOTION FOR EVIDENTIARY HEARING**

an exhibit FBI Special Agent Sparano's August 12, 2020 signed declaration pertinent to her work on this case. I have made reference to one of the paragraphs from that declaration, and I believe I have done so by quoting from it accurately.

8. I have also made reference to and characterized litigation conducted in *United States v. Henry Cervantes, et al.*, Northern District Case No. 12-CR-00792-YGR. I represented Mr. Cervantes in that case, and some of the cell phone evidence related rulings produced in that case have been cited by several other District Courts. Two of those rulings are pertinent to the issues presented here, and I believe that I have accurately characterized the nature of the evidence presented in that case and the rulings made. Of some importance to the Court's analysis in this case is the fact that in the Henry Cervantes case, what CAST evidence there was pertained to calls initiated by one handset in a particular geography on a given day. There was drive testing involved, and the District Judge in that case required further information about the nature of the work done in the case to be provided to the defense in response to one of the objections I raised. See, generally, the unpublished ruling in *U.S. v. Cervantes*, 2015 U.S.Dist. LEXIS 127048 (N.D.Cal, September 22, 2015). Judge Gonzales Rogers did admit the opinion evidence in that case, which involved drive testing related analysis of the cell tower likely to be accessed from a particular stretch of road in the East Bay.

9. On the issue of mapping programs and the use of ESPA software from Gladiator Forensics, who has been identified to the defense by the Government as the purveyor of mapping software used in this case. I have reviewed Gladiator's website and have sought to print out some of the material. I have appended for use by the Court basic printouts of what is advertised on Gladiator's website for its 'Wireless Network Forensics Tools.' These are attached here as Exhibit C. I believe that some of the published rulings that I reference in the appended Memorandum make reference to two of these software packages, GAR and ESPA, both of which the Court will find mentioned in the appended materials. The text pertinent to ESPA mapping specifically that is available from the website reads as follows: "Enterprise Sensor Processing and Analytics is Gladiator's

forensics geographic information system which seamlessly unifies case management, data storage, and analytics from all of Gladiator's intelligence gathering and analytical tools."

10. Based on the Government's disclosures to date, I have no idea what aspects of Gladiator's other products may or may not have been used in the analysis done in this case. I also do not know what version of ESPA was used, or what any of the actual operating characteristics and algorithms associated with software are.

11. After the Government finally confirmed that Gladiator Forensics is involved in this case, I used the form provided by Gladiator on its website to ask for information about the Gladiator Suite. I correctly indicated that I am a lawyer in private practice. I heard nothing in return. I also called the 202 area code number that Gladiator Forensics posts on its website in regard to sales. I left my name and correct information on a recorded line. There was no option to talk to a live person. The voicemail had no information about other contact opportunities. I have not heard anything back from the message left.

12. In the absence of an evidentiary hearing, given the paucity of actual raw information and foundational information produced in discovery proceedings, and given the lack of a report about drive testing to verify the historical cell site analysis as occurred in *Cervantes*, I do not believe that there is a sufficiently explained foundation for the Court to admit what I understand to be the breadth of the evidence that the Government seeks to admit in this case through Special Agent Sparano.

13. If the Court is not inclined to grant the Wendt defense motion without a hearing, I believe that the Court needs to hold a hearing to do fact finding in connection with the CAST proffer.

I declare under penalty of perjury that the foregoing is true and correct, except as to those matters alleged on information and belief, and as to those matters, I believe this declaration to be true and accurate.

//

**DECLARATION OF COUNSEL IN SUPPORT OF MOTION TO EXCLUDE OR LIMIT TESTIMONY OF FBI OR OTHER EXPERT WITNESSES TESTIFYING ABOUT CELL PHONE COMMUNICATIONS AND LOCATIONS BASED ON HISTORICAL CELL CALL DETAIL RECORDS AND PROPRIETARY MAPPING SOFTWARE [*DAUBERT* AND F.R.E. 403]; MOTION FOR EVIDENTIARY HEARING**

1  Executed this 29th day of January, 2021, at San Francisco, California.

2

3                               */s/ John T. Philipsborn*

4                               Declarant

**DECLARATION OF COUNSEL IN SUPPORT OF MOTION TO EXCLUDE OR LIMIT TESTIMONY OF FBI OR OTHER EXPERT WITNESSES TESTIFYING ABOUT CELL PHONE COMMUNICATIONS AND LOCATIONS BASED ON HISTORICAL CELL CALL DETAIL RECORDS AND PROPRIETARY MAPPING SOFTWARE [*DAUBERT* AND F.R.E. 403]; MOTION FOR EVIDENTIARY HEARING**

# PROOF OF SERVICE

I, Melissa Stern, declare:

That I am over the age of 18, employed in the County of San Francisco, California, and not a party to the within action; my business address is Suite 350, 507 Polk Street, San Francisco, California 94102.

On January 29, 2021, I served the within document entitled:

**DECLARATION OF COUNSEL IN SUPPORT OF MOTION TO EXCLUDE OR LIMIT THE TESTIMONY OF FBI OR OTHER EXPERT WITNESSES TESTIFYING ABOUT CELL PHONE COMMUNICATIONS AND LOCATIONS BASED ON HISTORICAL CELL CALL DETAIL RECORDS AND PROPRIETARY MAPPING SOFTWARE [*DAUBERT* AND F.R.E. 403]; MOTION FOR EVIDENTIARY HEARING [EXHIBITS ATTACHED]**

( )   By placing a true copy thereof enclosed in a sealed envelope with postage thereon fully prepaid, in the United States Mail at San Francisco, CA, addressed as set forth below;

(X)   By electronically transmitting a true copy thereof through the Court's ECF system;

( )   By having a messenger personally deliver a true copy thereof to the person and/or office of the person at the address set forth below.

AUSA Kevin Barry
AUSA Ajay Krishnamurthy
AUSA Lina Peng

All defense counsel through ECF

Executed this 29th day of January, 2021, at San Francisco, California.

Signed:   */s/ Melissa Stern*
Melissa Stern

DECLARATION OF COUNSEL IN SUPPORT OF MOTION TO EXCLUDE OR LIMIT TESTIMONY OF FBI OR OTHER EXPERT WITNESSES TESTIFYING ABOUT CELL PHONE COMMUNICATIONS AND LOCATIONS BASED ON HISTORICAL CELL CALL DETAIL RECORDS AND PROPRIETARY MAPPING SOFTWARE [*DAUBERT* AND F.R.E. 403]; MOTION FOR EVIDENTIARY HEARING

6