JOHN T. PHILIPSBORN - SBN 83944
Law Offices of JOHN T. PHILIPSBORN
507 Polk Street, Suite 350
San Francisco, CA 94102
(415) 771-3801
jphilipsbo@aol.com

MARTÍN ANTONIO SABELLI - SBN 164772
Law Offices of MARTIN SABELLI
740 Noe Street
San Francisco, CA 94114-2923
(415) 298-8435
msabelli@sabellilaw.com

Attorneys for BRIAN WAYNE WENDT

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>vs.<br><br>JONATHAN JOSEPH NELSON, et al.,<br><br>    Defendants. | **Case No. CR-17-00533-EMC**<br><br>**WENDT DEFENSE (1) *IN LIMINE* MOTION TO EXCLUDE EVIDENCE TECHNICIAN OR FORENSIC EXAMINER TESTIMONY RE PROCESSING/TESTING OF FRESNO CLUBHOUSE (F.R.E. 401, 402, 403); (2) MOTION TO DETERMINE WHETHER EVIDENCE OF LUMINOL OR OTHER PRESUMPTIVE TESTING SHOULD BE EXCLUDED UNDER F.R.E. 702 AND 403 AND UNDER *DAUBERT/KUMHO TIRE* AND RULE 16; REQUEST FOR JUDICIAL NOTICE [EXHIBITS APPENDED TO DECLARATION]**<br><br>**Date:  February 24, 2021**<br>**Time: 10:00AM**<br>**Dept: The Honorable Edward M. Chen**<br>          **District Judge** |

TO:  THIS HONORABLE COURT; COUNSEL FOR THE GOVERNMENT;

COUNSEL FOR THE DEFENSE:

**WENDT DEFENSE (1) *IN LIMINE* MOTION TO EXCLUDE EVIDENCE TECHNICIAN TESTIMONY RE PROCESSING OF FRESNO CLUBHOUSE (F.R.E. 401, 402, 403); (2) MOTION TO DETERMINE WHETHER EVIDENCE OF LUMINOL TESTING SHOULD BE EXCLUDED UNDER F.R.E. 702 AND 403 AND UNDER *DAUBERT/KUMHO TIRE* AND RULE 16; REQUEST FOR JUDICIAL NOTICE**

1

1    BRIAN WENDT, through counsel, MOVES THIS COURT FOR ORDERS AS
2    FOLLOWS, based in part on the Court's response to hearing information about the FBI's
3    2017 processing of the Fresno clubhouse for evidence discussed during the status
4    conference of January 13, 2021.  Pursuant to the Court's directive, this motion is styled as
5    an *in limine* motion objecting to any evidence concerning the November 20, 2017 search
6    and 'processing' of the Fresno chapter clubhouse, including processing for possible
7    biological evidence such as blood, and any related testimony about the results of Luminol
8    or other presumptive blood testing and/or related blood evidence testimony.  This
9    objection is made under F.R.E. 401, 402, and 403.

10    Second, the Wendt defense moves to exclude the evidence of Luminol and
11    presumptive blood testing summarized in the Government's reports of the November 20,
12    2017 search on the basis that such testing cannot reliably establish (a) that human blood
13    was found in the Fresno clubhouse or (b) that any blood evidence found in 2017 can be
14    tied to a July 15, 2014 homicide.  This second part of the motion is brought under F.R.E.
15    401, 402, 403, 702, and under *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S.
16    579 (1993).

17    Third, insofar as the Government proposes to have Forensic Examiner Amanda
18    Bakker testify about serological testing and the difference between a presumptive and a
19    confirmatory test for blood evidence, the defense objects that in the absence of the
20    Government's disclosure of Ms. Bakker's opinions, including any laboratory procedures
21    and protocols, there is an insufficient disclosure of Ms. Bakker's information to satisfy
22    F.R.C.P. 16(a)(1)(F) and (G).  As demonstrated in the appended pleadings, there have
23    been hearings in which experts from the FBI crime lab have testified about presumptive
24    and confirmatory testing, but only after having among other things discussed the
25    practices and procedures, including the practices and procedures used in a particular case.
26    Based on the Government's failure of disclosure, Ms. Bakker's information on these
27    matters is subject to exclusion.  In addition, Ms. Bakker's reports indicate that she did not
28    find any blood evidence using inspection and presumptive testing on items taken from the

**WENDT DEFENSE (1) *IN LIMINE* MOTION TO EXCLUDE EVIDENCE TECHNICIAN TESTIMONY RE PROCESSING OF FRESNO CLUBHOUSE (F.R.E. 401, 402, 403); (2) MOTION TO DETERMINE WHETHER EVIDENCE OF LUMINOL TESTING SHOULD BE EXCLUDED UNDER F.R.E. 702 AND 403 AND UNDER *DAUBERT/KUMHO TIRE* AND RULE 16; REQUEST FOR JUDICIAL NOTICE**

2

Fresno clubhouse and sent to the crime lab. As a result, Ms. Bakker has no relevant or admissible evidence to provide the jury on those matters within the meaning of F.R.E. 401, 402, and 403. If the Court is inclined to find that there is relevant evidence here, for the reasons explained in the various orders that have been issued by Federal courts on this class and type of evidence, the Court must hold a *Daubert* hearing, since it is clearly scientific evidence that needs to meet the gateway F.R.E. 702 and *Daubert* test.

Fourth, insofar as the Government belatedly tendered letter notice on January 26, 2021, of the possibility of testimony about undefined 'presumptive blood testing,' the notice unaccompanied by further evidentiary detail or even by the names of the tests, is insufficient to allow any resulting testimony under F.R.C.P. 16(a)(1)(F) and (G).

**MOTION FOR JUDICIAL NOTICE:**

Mr. Wendt moves for the Court to take Judicial Notice as follows:

1. According to Count 1, paragraph 22(e), on or about July 16, 2014, Mr. Wendt, aided and abetted by two other persons, "…killed Victim 1 at the Fresno Hells Angels Clubhouse." (Superseding Indictment, Doc 374, at 9:17-22.) In Count 2, Mr. Wendt and others are charged with conspiracy to murder Victim 1 beginning at a date unknown, continuing to July 15, 2014. In Count 3, Mr. Wendt and others are charged with murdering Victim 1 in aid of racketeering on or about July 15, 2014 (Doc 374, Superseding Indictment, page 12). According to the discovery made available to the defense, the Fresno clubhouse was searched and 'processed' on November 20, 2017, more than three years after the alleged killing of Victim 1 – who is Mr. Silva;

2. Pursuant to F.R.E. 201 (b) and (c), the Brian Wendt defense asks this Court to **take judicial notice** that the killing of Victim 1 (Joel Silva) is charged on or about July 15, 2014. The Wendt defense further asks this Court to take **judicial notice of the fact** (see appended exhibit) that according to the Government's reports, the search of the Fresno clubhouse that allegedly produced Luminol test results said to have been 'positive' in two separate parts of a pertinent FBI report occurred on November 20, 2017, according to the report (Exhibit A to this motion – FBI 302);

WENDT DEFENSE (1) *IN LIMINE* MOTION TO EXCLUDE EVIDENCE TECHNICIAN TESTIMONY RE PROCESSING OF FRESNO CLUBHOUSE (F.R.E. 401, 402, 403); (2) MOTION TO DETERMINE WHETHER EVIDENCE OF LUMINOL TESTING SHOULD BE EXCLUDED UNDER F.R.E. 702 AND 403 AND UNDER *DAUBERT/KUMHO TIRE* AND RULE 16; REQUEST FOR JUDICIAL NOTICE

3

**OBJECTIONS AND MOTIONS**

3. The Wendt defense objects that even assuming the accuracy of the attached letter notice (of January 26, 2021) in explaining that presumptive testing for the presence of blood produced positive reactions on November 20, 2017, as did Luminol testing, this evidence <u>is not relevant evidence</u> within the meaning of <u>F.R.E. 401 or 402</u> in this case, and it is certainly not relevant to an attempt to prove any aspect of the charges against Brian Wendt;

4. Even if the evidence is arguably probative in that it may result in evidence technicians employed by the Government stating (over objection, including the below-stated *Daubert/Kumho Tire* objection) that they recognized positive reactions indicating the presence of blood evidence using a screening test for blood, such evidence, if admitted, presents a danger of unfair prejudice, confusing the issues, misleading the jury, and undue delay under <u>F.R.E. 403</u>. The Government cannot logically, technically, or scientifically link evidence produced in a screening test three-plus years after the fact to any crimes charged in the current Superseding Indictment. The net effect would be to invite speculation and consideration of what is clearly not probative evidence of a crime committed three years earlier and should result in exclusion of the evidence under F.R.E. 403 ;

5. In addition, the Government has disclosed reports prepared by FBI Laboratory Forensic Examiner Amanda Bakker explaining that the laboratory obtained evidence from the Fresno clubhouse search, processed it, and found no detectable blood evidence. (Exhibit B to this motion, including Lab reports.)

6. Also, the defense objects that the evidence of a reaction indicating the possible presence of the chemical constituents of blood as a result of a screening test requires scientific, technical, or other specialized knowledge in order for the evidence to help the trier of fact within the meaning of F.R.E. 702.

7. In the case of FBI Forensic Examiner Amanda Bakker, according to the Government she is proposed to explain the types of testing that can be used to determine

1  the presence of body fluids, including blood, and the methodology of such testing.  As
2  explained in the appended Memorandum of Points and Authorities, other District Courts
3  have considered the introduction of evidence concerning presumptive and confirmatory
4  blood testing, and have covered the type of evidence that they have considered in
5  deciding whether to admit or exclude it in various published and unpublished rulings.
6  While the Government has provided the defense Ms. Bakker's CV and a set of
7  conclusory reports showing that she found no blood evidence on items removed from the
8  Fresno clubhouse during the November 20, 2017 search, the Government has not
9  provided <u>any</u> disclosure of Ms. Bakker's proposed testimony on the FBI's laboratory
10 procedures for serological testing; it has provided no excerpt from the pertinent FBI
11 laboratory manuals or procedures; it has produced no disclosure of the opinion or bases
12 for the opinion by Ms. Bakker within the meaning of F.R.C.P. 16(a)(1)(F) and (G).
13 Moreover, if Ms. Bakker's testimony is proposed as a way of explaining the variables
14 involved in getting false positives and false negatives on presumptive blood testing at a
15 crime scene, such evidence would be irrelevant and present a substantial danger of
16 misleading the jury within the meaning of F.R.E. 401, 402, and 403 in this case.  The
17 Government's arguments make it clear that there is no relevance to its proffer of Ms.
18 Bakker's testimony, especially if the Court excludes testimony about presumptive testing
19 done in the clubhouse.

20       8.    In this instance, the evidence in question will not help the trier of fact to
21 understand the evidence or to determine a fact in issue; it will not be based on sufficient
22 facts or data or be the product of reliable principles and methods reliably applied to the
23 facts of the case within the meaning of F.R.E. 702;

24       9.    The evidence in question must also be considered under *Kumho Tire Co. v.*
25 *Carmichael*, 526 U.S. 137, 147 (1999), in order for the Court to admit it through a
26 technician who is not a scientist.  Mr. Wendt relies on that part of the United States
27 Supreme Court evidence that explains that:  "Rule 702 imposes a special obligation upon
28 a trial judge to 'ensure that any and all scientific evidence…is not only relevant, but

WENDT DEFENSE (1) *IN LIMINE* MOTION TO EXCLUDE EVIDENCE TECHNICIAN TESTIMONY
RE PROCESSING OF FRESNO CLUBHOUSE (F.R.E. 401, 402, 403); (2) MOTION TO DETERMINE
WHETHER EVIDENCE OF LUMINOL TESTING SHOULD BE EXCLUDED UNDER F.R.E. 702 AND
403 AND UNDER *DAUBERT/KUMHO TIRE* AND RULE 16; REQUEST FOR JUDICIAL NOTICE

reliable.'" *Kumho*, at 147, quoting *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579, 589 (1993);

    For all of the reasons stated here, supported by the arguments already presented to the Court, and incorporating by reference the arguments in the appended Memorandum of Points and Authorities and the information provided, this Court should exclude the evidence as irrelevant.  If it does not do so, it should exclude the evidence under F.R.E. 403, and if it is inclined to consider the evidence, it should do so only after having held a *Daubert/Kumho Tire*, F.R.E. 702, F.R.E. 403 hearing to adjudicate the merits of the objections stated here.

    The supporting memorandum of points and authorities and exhibit are both incorporated by reference here as bases for this motion.

Dated: February 3, 2021            Respectfully Submitted,

                                  JOHN T. PHILIPSBORN
                                  MARTIN ANTONIO SABELLI

                                  */s/ John T. Philipsborn*
                                  JOHN T. PHILIPSBORN
                                  Attorneys for Brian Wayne Wendt

# PROOF OF SERVICE

I, Melissa Stern, declare:

That I am over the age of 18, employed in the County of San Francisco, California, and not a party to the within action; my business address is Suite 350, 507 Polk Street, San Francisco, California 94102.

On February 3, 2021, I served the within document entitled:

**WENDT DEFENSE (1) (1) *IN LIMINE* MOTION TO EXCLUDE EVIDENCE TECHNICIAN OR FORENSIC EXAMINER TESTIMONY RE PROCESSING/TESTING OF FRESNO CLUBHOUSE (F.R.E. 401, 402, 403); (2) MOTION TO DETERMINE WHETHER EVIDENCE OF LUMINOL OR OTHER PRESUMPTIVE TESTING SHOULD BE EXCLUDED UNDER F.R.E. 702 AND 403 AND UNDER *DAUBERT/KUMHO TIRE* AND RULE 16; REQUEST FOR JUDICIAL NOTICE [EXHIBITS APPENDED TO DECLARATION]**

( )   By placing a true copy thereof enclosed in a sealed envelope with postage thereon fully prepaid, in the United States Mail at San Francisco, CA, addressed as set forth below;

(X)   By electronically transmitting a true copy thereof through the Court's ECF system;

( )   By having a messenger personally deliver a true copy thereof to the person and/or office of the person at the address set forth below.

AUSA Kevin Barry
AUSA Ajay Krishnamurthy
AUSA Lina Peng

All defense counsel through ECF

Executed this 3rd day of February, 2021, at San Francisco, California.

Signed:   */s/ Melissa Stern*
Melissa Stern