JOHN T. PHILIPSBORN - SBN 83944
Law Offices of JOHN T. PHILIPSBORN
507 Polk Street, Suite 350
San Francisco, CA 94102
(415) 771-3801
jphilipsbo@aol.com

MARTÍN ANTONIO SABELLI - SBN 164772
Law Offices of MARTIN SABELLI
740 Noe Street
San Francisco, CA 94114-2923
(415) 298-8435
msabelli@sabellilaw.com

Attorneys for BRIAN WAYNE WENDT

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>      Plaintiff,<br><br>vs.<br><br>JONATHAN JOSEPH NELSON, et al.,<br><br>      Defendants. | Case No. CR-17-00533-EMC<br><br>**BRIAN WENDT'S SUPPLEMENTAL OPPOSITION TO GOVERNMENT MOTION FOR LEAVE TO FILE FOR RECONSIDERATION OF JANUARY 13, 2021 DISCOVERY ORDERS [DOC 1448] AND PROPOSED MOTION FOR PARTIAL RECONSIDERATION [DOC 1449]**<br><br>**Date:  March 24, 2021**<br>**Time: 9:00AM**<br>**Dept:  The Honorable Edward M. Chen**<br>          **District Judge** |

The Government has moved to reconsider two case management orders issued on January 13, 2021 complaining that the Court failed to consider Rule 16 and the Jencks Act before ruling. (Docket 1448). Based on this both surprising and unsubstantiated complaint, the Government secured from the Court an opportunity to supplement its highly redacted motion (Docket 1449) so that the defense could have a reasonable opportunity to respond. Unfortunately, and consistent with its approach to discovery

issues throughout this case, the Government has not only failed to provide a remotely colorable basis for moving to reconsider its January 13, 2021, orders but has also failed to respect the letter and spirit of the Court's February 24, 2021, order which the Court issued to provide the Government the opportunity to permit the defense to have sufficient information to respond to the Motion to Reconsider. The Government's approach here, embodied in the Government's 3 page March 3, 2021, letter to defense counsel amounts to strategic gesture, and not to a substantive response to the Court's directive, or the stated defense arguments and concerns—particularly those of counsel for Brian Wendt. The Government has failed to comply with the purpose and intent of disclosure orders dating back to June of 2019. The latest failure clearly does little to address and help remedy the substantial limitations imposed by the pandemic on the defense work during the home stretch before trial.

For these reasons, Brian Wendt submits that this Court should affirm its necessary and well-considered case management orders that were issued, as this Court knows, based upon a fully developed record. Mr. Wendt submits that this Court's existing January 13, 2021, case management orders are necessary to allow his counsel to conduct necessary litigation and investigation before the October trial date and that, absent these orders, he will face the choice between going to trial unprepared to address the centerpieces of the Government's list of witnesses or moving for a continuance of the trial date despite the fact that he will have been in custody for more than four years should the trial commence in October.

**I.**   **On January 13, 2021, this Court Issued Two Case Management Orders Necessary to Allow the Defense to Prepare for Trial Before October 2021.**

On January 13, 2021, this Court issued two case management orders to address the limitations imposed by the pandemic on defense functions in the few months remaining before the October trial date.[1] More specifically, this Court ordered the Government to

---

[1]On January 13, 2021, according to the Minutes, the Court "addressed the Government's appeal of Judge Beeler's

**BRIAN WENDT'S SUPPLEMENTAL OPPOSITION TO GOVERNMENT MOTION FOR LEAVE TO FILE FOR RECONSIDERATION OF JANUARY 13, 2021 DISCOVERY ORDERS [DOC 1448] AND PROPOSED MOTION FOR PARTIAL RECONSIDERATION [DOC 1449]**

2

produce witness statements six months before trial and to immediately produce AEO materials which had been improperly withheld by the Government despite numerous direct orders first issued in June 2019 and reaffirmed repeatedly since that date. The Court heard extensive argument of these issues – which had been fully briefed – and ruled, in no uncertain terms, that these orders were necessary to move this case toward an October trial date given the unprecedented challenges to the Sixth Amendment function during the pandemic:

> [W]e're confronted with pandemic situations and extraordinary situations where you can't just go by the ordinary rule about, well, we can disclose six weeks before, eight weeks before and that's plenty of time to do your investigation; both given the complexity of this case, as well as the potential unknown[s] out there about what can be done, how quickly it can be done, at what point we can resume – can the parties resume the normal processing of investigation and preparation for trial. And yet we have to make a decision whether we're going to try to hold this trial date.
>
> So these present extraordinary circumstances which underscores this Court's inherent power in the *W.R. Grace* case to order early discovery. And early discovery in an unusual circumstance that – for which there was no precedent, whether it's *Cerna* or any of those other cases.[2]

## II.   The Government Clearly Failed to Provide Any Basis to for Leave to Move to Reconsider.

After the January 13, 2021, hearing, the Government moved for reconsideration of these necessary orders. (Docket 1448 and 1449). The Government so moved on the extremely thin and easily refutable notion that the Court failed to consider both Rule 16

───────────────────

discovery order…."  [Doc 1419, at page 4.] The January 13 Order had required continuing disclosure of 'witness safety' material designated as AEO. Also, the Court affirmed the Beeler Order "only with respect to the three defendants currently scheduled to be tried in Group 1." (Doc 1419, at page 4.) The Court set forth further requirements, including that the Government should provide the defense with information about "…the number of Jencks witnesses whose statements are being withheld and the number of pages of Jencks materials so that defendants will have some notion of their scope." (Doc 1419, at page 4.)

[2] Transcript of proceedings of January 13, 2021, at RT 116:7-21.

1  and the Jencks Act before issuing its Orders.[3]

2      This notion as well as what arguments the Government mustered collide with the

3  actual record in this case, and with the stated bases for the Court's Order. This Court did

4  not negligently overlook the Jencks Act and Rule 16 in issuing these orders. In fact, the

5  transcript of the January 13, 2021 hearing includes numerous references by Government

6  counsel to the Jencks Act and to Rule 16 across many pages of argument regarding these

7  orders.

8

9    **III.    The Government Squandered the Opportunity to Provide the Accused**
       **with Sufficient Information to Litigate the Motion to Reconsider.**

10

11     On February 24, 2021, the Court heard argument regarding the Government's

12  Motion for Leave. Without responding to questions about the level of the Government's

13  compliance with Judge Beeler's rulings beginning in 2019 for rolling productions of

14  AEO materials (RT 14-15), the Government explained to the Court that it was seeking

15  reconsideration of the January 13 Order as it applied to 172 pages of materials that had

16  been submitted to the Court (RT 16), supplemented by information contained in one

17  individual's phone (RT 16-17).[4] The Government's argument was that it was seeking to

18  have the Court exempt from six months prior to the trial disclosure those materials

19  specifically identified in Exhibits 8-12 of the *ex parte* submission to the Court (a

20  combination of Agent reports and actual Jencks Act statements). (RT 19.) For these

21  materials specifically identified, the Government was proposing a production three

22  months before trial. (RT 19.)

23     Counsel for Jon Nelson responded that in order to be able to address the question

24  _____

25  [3]The Government filed its motion for leave to file a motion for reconsideration (Doc 1448), together with the actual

26  motion (Doc 1449), which was opposed by the Group 1 defendants in a filing on February 5, 2021 (Doc 1474). This
    was the frame for the arguments made on February 24, 2021.

27  [4]This Court should establish whether or not there have been intentional violations by the Government of the AEO
    case management orders. The record suggests that the Government has withheld reports that existed in 2019 and

28  should have been disclosed. This Court should voir dire the Government and what has been withheld and why.

1    of whether the defense should respond to the Government's motion for leave, it would be

2    useful for the defense to at least have some notion of what type of information was

3    involved in the 170-plus pages so that the defense could assess a substantive response.

4           During the hearing, the Wendt defense noted its concern that the proposal made by

5    Mr. Novak on behalf of Jon Nelson, might be viewed as confusing, in view of existing

6    orders that had been put in place by Judge Beeler and that were supposed to have been

7    complied with on a rolling basis. As counsel for the Wendt defense pointed out: "And we

8    are now back to discussing, sort of parsing out alternative mechanisms for the

9    government to comply with some aspect of Judge Beeler's orders. It just doesn't make

10   sense. We're not moving this case forward in that respect." (RT 34:15-18.)[5]

11          Notwithstanding Mr. Wendt's objections to the motion, the Court carved out

12   "middle ground" by offering the Government the opportunity disclose limited useful

13   information "in the vein of a privilege log" (Docket 1513, Minute Order) to allow the

14   defense to evaluate the merits of the reconsideration motion based on some understanding

15   of the reports and materials withheld.[6]

16          Unfortunately, the Government squandered the opportunity extended by the Court.

17   Rather than providing the defense with information that would allow the defense to

18   oppose the Government's motion in a meaningful way, the Government provided a letter

19   on March 3, 2021, attached hereto as Exhibit 1, that conveys virtually no useful

20   information at all consuming, in the process, another month of valuable and limited time

21   as we slouch toward the October trial date. The Government's March 3, 2021 letter

22   provides generalities at best, and in certain instances, simply a listing of the particular

23

24   _____

25   [5] The Wendt defense also indicated that it was not joining in Mr. Novak's proposal "about some sort of alternative. Our position is the Court has decided this already on multiple occasions." (RT 34:20-22.)

26   [6] The Court described the information to be provided as "a privilege log-type description," (RT of February 24, 2021 hearing at 36:21-22) and discussed the nature of proffer at pages 36-38 of that transcript. The Court directed, for example, that the acts being discussed in the reports be "generically described" without revealing witness identities

27   (RT at 37:3) The Court also directed that "it may not describe the exact act but something that happened as part of their relationship with the enterprise, or whatever, versus something more specific." RT at 38:14-16.

28

BRIAN WENDT'S SUPPLEMENTAL OPPOSITION TO GOVERNMENT MOTION FOR LEAVE TO FILE FOR
RECONSIDERATION OF JANUARY 13, 2021 DISCOVERY ORDERS [DOC 1448] AND PROPOSED MOTION FOR
PARTIAL RECONSIDERATION [DOC 1449]

1  counts that the witness will "provide testimony" about. Providing the defense in a

2  racketeering conspiracy case "notice" that a witness will provide testimony relating to the

3  racketeering conspiracy – particularly one that covers multiple acts over a number of

4  years and jurisdictions – clearly fails to provide the level of specificity contemplated by

5  the Court and does not allow for a meaningful response by the accused. The

6  Government's letter simply does not square with the representations made by the

7  Government to the Court on February 24, 2021, that the letter would sufficiently inform

8  defense counsel of the nature of information pertinent to five witnesses.

9  Given the total lack of a basis for leave to reconsider compounded by the failure to

10  comply with this Court's specific order to provide the defense with sufficient information

11  to engage the merits, this Court should not reward the Government's stonewalling and

12  should not waste another day of the limited days remaining before trial.

13  **IV.    The Government Has Consistently Violated this Court's AEO Discovery**
   **Orders.**

14

15  Regrettably, the need for firm case management of this set of discovery issues

16  cannot be summarized in a nutshell. This is because one of the issues before the Court,

17  AEO disclosures, has been litigated numerous times since Judge Beeler first issued her

18  clear and unequivocal order requiring disclosure of law enforcement reports on a rolling

19  basis. (Docket 703).

20  Beginning in June 2019, this Court issued a series of Orders regarding AEO

21  discovery of law enforcement reports. The Court did so, invoking its case management

22  authority, based on a pattern of delay by the Government with respect to discovery, death

23  penalty notice, and disclosures (some of which alerted the defense to conflict issues

24  which have required significant delays and complications in the defense). The Court, first

25  through the Magistrate Court and subsequently through the District Court, issued clear

26  and specific Orders intended to allow the defense to operate on a reasonably level playing

27  field and understand the parameters of the Government's case. Though no one knew what

28

1  was to come in 2020, the Court took these measures before the pandemic froze
2  investigation in the field.

3       The Government has consistently stonewalled these Orders. First, the Government
4  claimed that these Orders merely required a little less redaction. That was litigated and
5  rejected. Then the Government claimed that the Court had not ordered rolling production.
6  That was litigated and rejected (though the Government made this argument again twice
7  during recent hearings in the District Court). After failing to make any rolling
8  productions, in October 2019, the Government requested specific exclusions and the
9  Court granted a set of limited, specific, and minimal exclusions from the productions.

10       Many months later, in late May 2020, the Government let slip during a hearing
11  that it had it AEO materials which it had not produced in 2019 despite this Court's
12  Orders. The Government did not explain the reasoning for withholding these documents
13  except to repeat its incorrect and twice-litigated-and-rejected view that the Court had not
14  ordered rolling productions. When Mr. Wendt objected to this violation of the Orders, the
15  Government asked for an opportunity to brief these issues and, again, the Court heard and
16  rejected the Government's arguments in September 2020.

17       This scenario occurred again on January 13, 2021 and, again, the Court ordered
18  the Government to comply with the June 2019 Order.

19
20  **V.    THE GOVERNMENT HAS OVERSTATED THE REACH OF THE**
21  **JENCKS ACT WHICH, IN ANY CASE, IS SUBORDINATE TO**
22  **CASE MANAGEMENT PREROGATIVES UNDER *W.R. GRACE***
23  **GIVEN THE EXTRAORDINARY CIRCUMSTANCES OF THE**
    **PANDEMIC.**

24       The Government's argument to this Court on February 24, 2021, clearly
25  overstated the reach of the Jencks Act. The Government attempted to characterize agent
26  reports of witness interviews as the "Jencks statements of authoring agents…." (RT 19:5-
27  7.) That argument was not correct. The Jencks Act encompasses witness statements and
28  does not encompass narrative reports and memoranda from law enforcement officers. As

1  demonstrated by the U.S. Supreme Court's ruling in *Campbell v. United States,* 365 U.S.
2  85 (1961), in a case in which the Government contended that an FBI Agent's interview
3  report of a witness was not a Jencks Act statement under the circumstances of that case,
4  the United States Supreme Court chided both the Government, and a District Judge, for a
5  failure of inquiry into the nature and content of an interview report, which the
6  Government chose in that case to not characterize as a 'statement.' "We conclude that
7  because these errors in the conduct of the inquiry, petitioners are entitled to a
8  redetermination of their motion for the production of Staula's pretrial statements…" *Id.* at
9  99-100.[7]

10      The record of the status conference and hearing of February 24, 2021, does not
11  indicate, or even suggest, that the Court conducted an independent review such as to be
12  able to assess the extent to which the Government was accurate in stating that it would
13  have the right to withhold disclosure of the vast majority of the 172-plus pages of
14  material discussed during the hearing on the basis that the bulk of that material was truly
15  Jencks Act covered. Nor did the Court indicate, in response to the Government's
16  assertions that the Government had concluded that there was no *Brady* material
17  intertwined, that the Government had accurately determined that it was not withholding
18  any non-Jencks *Brady* material. This type of material, as Judge Alsup concluded, is
19  material "that district courts have the authority, upon a proper record, to exercise their
20  discretion to require…be disclosed prior to the commencement of trial." *U.S. v. Cerna*,
21  633 F.Supp.2d 1053, 1057-58 (N.D.Cal, 2009), *relying in part on United States v. W.R.*
22  *Grace*, 526 F.3d 499, 513 (9th Cir., 2008).

23

24  _____

25  [7] It should be noted, moreover, that the Jencks-as-to-agents argument is totally inconsistent with the Government's
26  stated purpose for the appeal: to protect civilian witness identities. Asserting that law enforcement witness
    statements are Jencks should not be disclosed is, at best, a tactic to protect information obtained from civilian
    witnesses but not recorded as verbatim or substantially verbatim. Again, what is at stake here is information, not
27  witness statements, which the Government possesses and can use to investigate and shape it case but which the
    defense cannot.

28

1

2
### V.    THE GOVERNMENT ERRONEOUSLY MAKES REFERENCE TO
3        THE RULE OF *U.S. v.  FORT et al.*, WHICH, IN ANY CASE, IS
         SUBORDINATE TO CASE MANAGEMENT PREROGATIVES UNDER
4        *W.R. GRACE*.

5
        The question of exactly how much of the information cabined by the Government
6
and presented to the Court *in camera* and *ex parte* is actually sought to be protected under
7
an exercise of discretion within the meaning of F.R.C.P. 16(d) remains a mystery to the
8
defense.
9
        Presumably, on February 24, 2021, the Court had in mind a procedure that would
10
be useful in permitting the defense access to information that would allow defense
11
preparation for the Group 1 trial to proceed while avoiding presenting danger to the
12
safety of five specific witnesses. The March 3, 2021 letter is insufficient. It does not
13
respond to the Court's suggestions of content or to defense counsels' suggestions (made
14
on February 24, 2021) of what might avoid having the Court fully consider the merits of
15
the Government's proposed motion for reconsideration. As the Court made clear in its
16
Discovery Order of January 13, 2021, the discovery-related management of this case has
17
to be viewed in context given the circumstances under which the defense is attempting to
18
prepare itself for trial in the midst of a worldwide pandemic and in the middle of attempts
19
throughout California and other states to abate what has been a more than yearlong
20
nationwide disaster.  In that context, citing rulings like *U.S. v. Fort*, 472 F.3d 1106 (9th
21
Cir., 2006), has limited utility. The reality in this case is that much of what the
22
Government seeks to shield here does not fall under the *Fort* rule in that few investigative
23
reports at issue in this particular case were created prior to the involvement of a Federal
24
prosecutor's involvement and prior to a Federal investigation. *Id.*, at 1110-11.
25
### CONCLUSION
26
        This Court entered a Discovery Order in this case designed to facilitate preparation
27
for a trial that would be conducted under extraordinary circumstances (both the
28

1  preparation and likely the trial as well). The Government's attempt to thread the needle
2  through the production of a barely informative three-page letter should be considered
3  insufficient to foreclose implementation of the Court's February 13, 2021 Discovery
4  Order as it was entered, or Judge Beeler's preexisting orders concerning rolling AEO
5  discovery.

6
7  Dated: March 17, 2021                    Respectfully Submitted,
8                                            JOHN T. PHILIPSBORN
                                             MARTIN ANTONIO SABELLI
9
10                                            _/s/ John T. Philipsborn_
                                             JOHN T. PHILIPSBORN
11                                            Attorneys for Brian Wayne Wendt
12
13                                            _/s/ Martín A. Sabelli_
                                             MARTIN ANTONIO SABELLI
14                                            Attorneys for Brian Wayne Wendt
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**PROOF OF SERVICE**

I, Melissa Stern, declare:

That I am over the age of 18, employed in the County of San Francisco, California, and not a party to the within action; my business address is Suite 350, 507 Polk Street, San Francisco, California 94102.

On March 17th, 2021, I served the within document entitled:

**WENDT DEFENSE SUPPLEMENT TO OPPOSITION [DOC 1447] TO MOTION FOR LEAVE TO FILE FOR RECONSIDERATION OF JANUARY 13, 2021 DISCOVERY ORDER [DOC 1448] AND PROPOSED MOTION FOR PARTIAL RECONSIDERATION [DOC 1449]**

( )   By placing a true copy thereof enclosed in a sealed envelope with postage thereon fully prepaid, in the United States Mail at San Francisco, CA, addressed as set forth below;

(X)   By electronically transmitting a true copy thereof through the Court's ECF system;

( )   By having a messenger personally deliver a true copy thereof to the person and/or office of the person at the address set forth below.

AUSA Kevin Barry
AUSA Ajay Krishnamurthy
AUSA Lina Peng

All defense counsel through ECF

Executed this 17th day of March, 2021, at San Francisco, California.

Signed:      */s/ Melissa Stern*
             Melissa Stern

**BRIAN WENDT'S SUPPLEMENTAL OPPOSITION TO GOVERNMENT MOTION FOR LEAVE TO FILE FOR RECONSIDERATION OF JANUARY 13, 2021 DISCOVERY ORDERS [DOC 1448] AND PROPOSED MOTION FOR PARTIAL RECONSIDERATION [DOC 1449]**

11