UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>BRIAN WAYNE WENDT,<br><br>Defendant. | Case No. 17-cr-00533-EMC-5<br><br>**ORDER REVOKING RELEASE ORDER**<br><br>Docket No. 1711 |

    The government appeals Magistrate Judge Corley's April 30, 2021, order releasing Defendant Wendt from custody pretrial. *See* Docket No. 1705. Having considered the parties' extensive briefing (including supplemental briefs ordered by the Court), for the reasons stated on the record on June 11, 2021, and as memorialized and supplemented herein, the Court **REVOKES** the release order and orders that Defendant's detention be continued. As stated on the record on June 11, 2021, the Court **GRANTS** Defendant's motion to strike the government's ex parte evidence and argument. *See* Docket No. 1724.

    The Court finds by clear and convincing evidence that Defendant, notwithstanding his performance in custody post-arrest and his proffer of sureties, continues to pose a danger to the community that cannot be mitigated by available conditions of release. There have been no material changes in the Section 3142(g) factors since his initial detention to warrant a different conclusion. *See* 18 U.S.C. § 3142(g).

    The Court also finds, at this juncture, that Defendant's continued detention does not violate due process. The Court has considered the three factors identified by the Ninth Circuit in *United States v. Torres*, 995 F.3d 695, 708 (9th Cir. 2021) (citing, *e.g.*, *United States v. Gelfuso*, 838 F.2d

358, 359 (9th Cir. 1988). First, the length of Defendant's pretrial detention, which will exceed four years by the time of trial in January 2022, favors Defendant. However, the strength of this factor must be viewed in context. While *Torres* indicated that the 21-month detention in that case was "approaching the limits of what due process can tolerate", *id.* at 709, Defendant here (unlike the defendant in *Torres*) is charged with, *inter alia*, VICAR murder and faces a mandatory life sentence. The Court finds instructive Judge Orrick's order rejecting a due process challenge even in the face of an expected three-year detention period in *United States v. Elmore*, 2016 WL 6427911, at *1-2 (N.D. Cal. Oct. 31, 2106), an order upheld by the Ninth Circuit on appeal, *see* 2016 WL 10520758, at *1 (9th Cir. Dec. 12, 2016). (In a subsequent order Judge Orrick again rejected a due process challenge even though the expected detention was five years.) *See also United States v. Flores*, 2018 WL 3530837, at *2-3 (C.D. Cal. July 20, 2018) (no due process violation where expected period of detention was 52 months).

As to the second *Torres* factor, the prosecution did contribute to the delay here inasmuch as the Justice Department took an extensive amount of time to decide whether to seek the death penalty against Defendant. While the pendency of that decision did not completely hold up discovery and other pretrial preparation, significant resources were devoted to the death-penalty decision and some aspects of the defense preparation, as well as case management by the Court, were delayed. Moreover, while the government has produced substantial discovery in this case, it has not done so without resistance and delay. *See* Docket No. 781 at 8-9. There has also been some delay resulting from the government's failure to timely discover a conflict of interest among certain defense counsel, which led to a pause in the proceedings. (The Court notes that it does not see how the prosecutors in this case contributed to the delay entailed by the OSC proceedings before Magistrate Judge Kim, as they relate to the actions of counsel for another defendant.) The bulk of the delay in getting this RICO/VICAR case to trial inheres in the complex nature of the charges, the number of defendants, and the volume and breadth of evidence.

Regarding the third factor, the evidence supporting detention under the Bail Reform Act is substantial. As noted above, the Court has considered the relevant factors under Section 3142(g) and finds that release of Defendant would pose a significant danger to the community.

The parties have briefed the question whether the due process inquiry should take into account Defendant's difficulty in preparing for trial, particularly in a complex case such as this one where there is a substantial volume of discovery and a compelling need for field investigation. *See United States v. Terrone*, 454 F. Supp. 3d 1009, 1026-27 (D. Nev. 2020) (defendant's failure to show why counsel could not be prepared for trial with defendant in custody during the COVID-19 pandemic); *cf.* 18 U.S.C. § 3142(i) (requiring that someone detained pretrial "be afforded reasonable opportunity for private consultation with counsel").  Assuming that the due process calculus is informed by the substantial impairment of a defendant's (and his counsel's) ability to prepare for trial—a concern this Court considered paramount—the Court has taken steps to ensure that Defendant will be afforded in-person contact visits with his counsel.  In addition to contact visits currently allowed by Santa Rita Jail (albeit with some logistical hurdles) and Zoom videoconferences, the Court has arranged for the United States Marshal to coordinate periodic face-to-face meetings between Defendant and counsel in a federal courthouse.

Under these circumstances, the Court finds that the continued detention of Defendant Wendt, at least through the trial scheduled to commence in January 2022, does not violate due process.

This order disposes of Docket No. 1711.

**IT IS SO ORDERED**.

Dated: June 14, 2021

_____
EDWARD M. CHEN
United States District Judge