JOHN T. PHILIPSBORN - SBN 83944
Law Offices of JOHN T. PHILIPSBORN
507 Polk Street, Suite 350
San Francisco, CA 94102
(415) 771-3801
jphilipsbo@aol.com

K. ALEXANDRA McCLURE - SBN 189679
Law Office of ALEXANDRA McCLURE
214 Duboce Ave
San Francisco, CA 94103-1008
(415) 814-3397
alex@alexmcclurelaw.com

Attorneys for BRIAN WAYNE WENDT

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> vs. <br><br> JONATHAN JOSEPH NELSON, et al., <br><br> Defendants. | Case No. CR-17-00533-EMC <br><br> **WENDT MOTION *IN LIMINE* NO. 18** <br><br> **WENDT MOTION FOR ORDER LIMITING TESTIMONY BY GOVERNMENT CELL PHONE EXPERT [AGENT SPARANO-STANGER]; MOTION TO EXCLUDE SLIDES AND EXHIBITS CONTAINING ARGUMENTS AND/OR OPINIONS WITHOUT FOUNDATION** <br><br> Date: February 25, 2022 <br> Time: 2:00PM <br> Dept: The Honorable Edward M. Chen, District Judge |

**I.    STATEMENT OF THE MOTION AND PERTINENT BACKGROUND**

Mr. Wendt moves to exclude or limit proposed testimony by FBI Agent Meredith Sparano-Stanger and/or any other Government witness purporting to offer cell phone analysis related testimony as follows:

1. Ms. Sparano-Stanger's slides are <u>not</u> evidence but are testimonial aids. Her slides should contain that admonition, and the Court should instruct the jury accordingly.

**WENDT MIL NO. 18: WENDT MOTION FOR ORDER LIMITING TESTIMONY BY GOVERNMENT CELL PHONE EXPERT [AGENT SPARANO-STANGER]; MOTION TO EXCLUDE SLIDES AND EXHIBITS CONTAINING ARGUMENTS AND/OR OPINIONS WITHOUT FOUNDATION**

1

2.  Ms. Sparano-Stanger's analysis involved <u>some</u> but not all of the phone calls placed from and to the phone number associated with Brian Wendt between July 14 and the beginning of July 19, 2014. Nowhere in her slides, or in the Court's *Daubert* ruling on the Sparano-Stanger proposed evidence, is that made clear. The slides should contain that admonition, and the Court should instruct the jury accordingly–otherwise her testimony and the proposed accompanying testimonial aides are likely to mislead the jury, and present a substantial danger of misleading the jury within the meaning of FRE 403 into believing that her testimony accounts for all calls, and all possible locations on a map that Mr. Wendt's phone was in during the times covered by her testimony. Ms. Sparano-Stanger's slides represent a handpicked analysis of the calls attributed to Mr. Wendt's cell phone handset (or the calls received by that handset's voicemail account or text message system). The slides and illustrations are misleading under F.R.E. 403.

3.  Ms. Sparano-Stanger has to authenticate or provide the foundation to establish the authenticity of her maps and map related testimony to establish that her testimony and testimonial aids pertain to areas Sonoma County, the Central Valley, Fresno, and Tulare Counties as these existed in 2014-- to establish the relevance of her evidence under FRE 401 and its authentication under FRE 901.

4. Ms. Sparano-Stanger's slides contain entries that are forms of argument, and otherwise are misleading under FRE 403.  Mr. Wendt objects that in the slides, Ms. Sparano-Stanger has placed color coded numbers, symbolizing a given person's cell phone handset,  in the immediate vicinity of illustrations of cell phone towers to show both that there was a 'hit' to that cell tower and that an identifiable cell phone was the instrument involved in the 'hit'. The illustrations are placed immediately next to the cell towers, which presents a substantial danger of undue prejudice and has a high probability of misleading jurors into viewing the circled number as illustrating the position of a handset connected to a given tower within the meaning of F.R.E. 403. The Court's 2021 *Daubert* order did not explain what the Court considered permissible in terms of actual opinion

**WENDT MIL NO. 18: WENDT MOTION FOR ORDER LIMITING TESTIMONY BY GOVERNMENT CELL PHONE EXPERT [AGENT SPARANO-STANGER]; MOTION TO EXCLUDE SLIDES AND EXHIBITS CONTAINING ARGUMENTS AND/OR OPINIONS WITHOUT FOUNDATION**

2

testimony by Ms. Sparano-Stanger on this issue.[1] In the *Daubert* ruling, the Court makes reference to the effect that "...its concerns on this issue were not entirely ameliorated by the Government's assertion that Ms. Sparano would only testify to general or approximate areas in which calls could have originated...." *Id.*, at 794-96.

5. Ms. Sparano-Stanger's slides purport to illustrate the movement of Mr. Nelson's and Mr. Ott's phones northward in ways that suggested that the two men were traveling together, which is misleading. The Court should order that an entry be placed on the relevant slides explaining that the illustrations represent "approximate, not exact, locations", using the language from Ms. Sparano-Stanger that was referenced by the Court in its ruling. 533 F. Supp. 3d 779, 785. The Wendt objections to Ms. Sparano-Stanger's slides are acknowledged in this Court's ruling at 533 F.Supp.3d at 802. The Court expected disputes about the slides to have been resolved prior to the pretrial conference. That has not happened. Specific rulings are necessary to address these matters.

**II.      ARGUMENT AND AUTHORITIES**

    **A.      The Slides Are Not Evidence**

The Wendt defense begins the discussion here by noting that Ms. Sparano-Stanger's slides were treated during the course of the *Daubert* hearing held in this case as an important part of the evidence she is presenting. For the *Daubert* hearing, that consideration may have been useful, but it is not either useful or permissible at trial. Ms. Sparano-Stanger's slides do <u>not</u> contain an analysis of all of Mr. Wendt's calls, text messages, voicemails, missed calls, and the like during the period of time between July 14 and 18, 2014. The slides are what one court has explained are "testimonial aids." *U.S. v. Poschwatta*, 829 F.2d 1477, 1481-82 (9th Cir., 1987).

In *U.S. v. Wood*, 943 F.2d 1048 (9th Cir., 1991), the Ninth Circuit followed other circuit courts in explaining the contrast between charts or summaries as evidence and

---

[1] The discussion of the case law involving the issue of the permissibility of an expert discussing 'general location' appears in this Court's ruling at *U.S. v. Nelson*, 533 F.Supp.3d 779, 792-95 (N.D.Cal, 2021).

charts or summaries as 'pedagogical devices.' *Id.*, at 1053-54. The court succinctly explained that charts or summaries that are used as 'testimonial aids' as described in *Poschwatta*, *supra*, are not to be admitted into evidence: "We have long held that such pedagogical devices should be used only as testimonial aid, and should not be admitted into evidence or otherwise used by the jury in deliberations. [Citations omitted.]" *Wood*, 943 at 1054-55.

It is clear that Ms. Sparano-Stanger's slides are not the functional equivalent of an F.R.E. 1006 summary chart. The slides cannot fairly or accurately be used to "...prove the content of voluminous writings, recordings, or photographs that cannot be conveniently examined in court." F.R.E. 1006. In order to understand the selection of calls that Ms. Sparano-Stanger chose for the period of time between July 14 and 18, 2014, as may pertain to Mr. Wendt's cell phone, it would be necessary to cull through dozens of pages of his phone records. And in order to correctly summarize who the alleged co-conspirators were calling during that period of time, hundreds of pages of various persons' cell phone records would need to be introduced in evidence and subject to review. They clearly "...cannot be conveniently examined in court" within the meaning of F.R.E. 1006.

Several circuits have explained that a prudent course of action is for the Court to make clear when an item falls within the province of "pedagogical devices." See, for example, the explanation in *U.S. v. White*, 737 F.3d 1121, 1135-36 (7th Cir., 2013): "And when the district court does admit a summary on the basis [that it is a pedagogical device], it should instruct the jury that such summaries are not evidence and are meant only to aid the jury in its evaluation of other evidence. [Citation omitted.]"

In addition to instructing the jury on the fact that Ms. Sparano-Stanger's charts are meant to aid in her presentation, but are not meant to be considered the actual evidence in the case, the Court also needs to address the following aspects of the summaries.

//

//

//

**WENDT MIL NO. 18: WENDT MOTION FOR ORDER LIMITING TESTIMONY BY GOVERNMENT CELL PHONE EXPERT [AGENT SPARANO-STANGER]; MOTION TO EXCLUDE SLIDES AND EXHIBITS CONTAINING ARGUMENTS AND/OR OPINIONS WITHOUT FOUNDATION**

4

### B. The Need for Authentication of the Maps Used as Pedagogical Devices or for a Foundation Explaining the Basis for the Entries on the Maps

In the Court's ruling on F.R.E. 702 matters, the Court purported to address some of the Wendt objections in its *Daubert* ruling. *United States v. Nelson*, 533 F.Supp.3d 779, 799. In its discussion of authentication, however, the Court made reference to the discussion of the application of F.R.E. 901(a) in a case that involved the production of actual maps produced to track the progress of a vessel at sea. See the reference to *U.S. v. Lizarraga-Tirado*, 789 F.3d 1107, 1110 (9th Cir., 2015), in *U.S. v. Nelson*, 533 F.Supp.3d at 799. In *Lizarraga-Tirado, supra*, the Ninth Circuit explained that where a map was generated and faced an authentication objection, "that burden could be met, for example, with testimony from a Google Earth programmer or a witness who frequently works with and relies on the program. [Citation omitted.] It could also be met through judicial notice of the program's reliability. [Citations omitted.]" *Id.*, at 1110-11. The issue with Ms. Sparano-Stanger's slides has to do with not the accuracy of GPS coordinates over a vessel at sea, but rather with the placement of all of the information that proprietary mapping software used by Ms. Sparano-Stanger places on the maps. In some cellular phone cases, as was discussed at some length during the *Daubert* hearing, an FBI Agent has driven through pertinent neighborhoods and is generally aware of the way that configuration and content of the mapping software output corresponds to the reality that the agent experienced. Ms. Sparano-Stanger did not, as far as her proffer is concerned, have an independent basis on which to explain how the mapping software she used accurately described the configuration of streets, the placement of buildings, and the like in 2014. The actual opinion evidence that Ms. Sparano-Stanger will be giving is based in part on her reliance on proprietary software that was operated by Ms. Sparano-Stanger years after the incident under investigation. This is not an issue that was focused on at the time of the *Daubert* hearing, and it is a matter that involves authentication – since the Court has found, over objection, that Ms. Sparano-Stanger had sufficient expertise to operate the software at the time she operated it to construct her maps.

### C. The Slides Contain Numbers Placed Near Cell Towers To Signify Particular Phones, And Contain Illustrations Of The Ott and Nelson Phone Purportedly 'Riding Together'–Which Is Power-Point Argument And Evidence With A Reliable Foundation

At the time of the arguments on the admissibility of Ms. Sparano-Stanger's evidence, the Wendt defense argued that specific slides were illustrations without a reliable foundation–for example slides showing two phones illustrated by a multicolored rectangle, shown to support the argument that Mr. Ott was riding back from the Central Valley in close quarters with one of his Group One co-defendants. At the same time, however, the Court's 2021 order makes it clear that the Court accepts the argument, and the finding by several other courts, as well as Ms. Sparano-Stangers proffered opinion that: "'Historical cell site data analysis is based on the premise that the *approximate (not exact) location* of a cell phone can be determined by examining the records generated by the cell phone when it was used.'" *United States v. Nelson,* 533 F. Supp 779, 785**,** emphasis in the Court's ruling.

Similarly, clearly making decisions about the illustrations based on other than position data, Ms. Sparano-Stanger placed color coded, circled, numbers on her slides to illustrate what purports to be the connection between a particular phone and a particular cell tower–though the illustrations contain numbered symbols for phones placed next to, and in certain orientations (north, east, south, west) within the area of the illustrated cell phone tower.

None of the pertinent slides contains any disclaimer about the illustrations–and the illustrations clearly are argumentative because of what they 'show' the jury–and will 'show' the jury as they are displayed over a period of time to the jury. As explained in *United States v. Frazier,* 442 F. Supp. 3d 1012, 1025-1026 (M.D.Tenn, 2020), what the Government is in danger of doing here is to "...oversell the technology through the introduction of evidence." This is a presentation of evidence that presents the danger of misleading the jury, particularly because it contains none of the statements of limitations, or admonishments, about the legitimate forensic uses historical cell phone data and

1 analysis, particularly given the lack of drive testing or any attempt a operational research
2 demonstrating that cell phone data records can demonstrate two phones traveling in the
3 same vehicle.
4     The Government can be expected to use the slides in argument. The Wendt defense
5 objects that as they currently exist, they are misleading in specific particulars, and should
6 be modified by Court Order and accompanied with disclaimers throughout.

## CONCLUSION

For the reasons stated here, the Court should grant the above appearing objections.

Dated: January 24, 2022                Respectfully Submitted,

JOHN T. PHILIPSBORN
K. ALEXANDRA McCLURE
  */s/ John T. Philipsborn*

JOHN T. PHILIPSBORN

Attorney for Brian Wayne Wendt

  */s/ Alexandra McClure*

K. ALEXANDRA McCLURE

Attorney for Brian Wayne Wendt