JOHN T. PHILIPSBORN - SBN 83944
Law Offices of JOHN T. PHILIPSBORN
507 Polk Street, Suite 350
San Francisco, CA 94102
(415) 771-3801
jphilipsbo@aol.com

K. ALEXANDRA McCLURE - SBN 189679
Law Offices of ALEXANDRA McCLURE
214 Duboce Avenue
San Francisco, CA 94103-1008
(415) 814-3397
alex@alexmcclurelaw.com

Attorneys for BRIAN WAYNE WENDT

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO VENUE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>JONATHAN JOSEPH NELSON et al.,<br><br>Defendants. | No. CR-17-0533 EMC<br><br>**WENDT MOTION IN LIMINE NO.21**<br><br>**BRIAN WENDT'S MOTION TO PRECLUDE THE GOVERNMENT FROM THE  PRESENTATION OF PREJUDICIAL AND/OR CUMULATIVE VIOLENT OR OFFENSIVE ITEMS OR IMAGERY SEIZED FROM THE FRESNO HELLS ANGELS CLUBHOUSE**<br><br>Hearing Date: February 25, 2022<br>Time: 2:00 p.m.<br>Court: The Hon. Edward M. Chen |

## I.  INTRODUCTION

The discovery provided to the defense in this case indicates that the government

MOTION TO PRECLUDE THE GOVERNMENT FROM
THE PRESENTATION OF PREJUDICIAL AND/OR
CUMULATIVE VIOLENT OR OFFENSIVE ITEMS OR
IMAGERY SEIZED FROM THE FRESNO HELLS
ANGELS CLUBHOUSE [FRE 403] *US v. Nelson, et al.,*
Case No. CR 17-533 EMC                                1

1   seized a large number of items from the Fresno Hells Angels clubhouse that have nothing

2   to do with the charged Sonoma enterprise or the alleged Silva murder.  In particular, there

3   are photographs of numerous different weapons and tools, photographs with sometimes

4   violent or disturbing imagery, and tools such as hammers, knives, bats, and axes.  Mr.

5   Wendt moves to exclude this evidence, both the items themselves and photographic

6   depictions of them, as irrelevant to any issues in this case, unduly prejudicial and

7   cumulative.  It should be excluded under Federal Rules of Evidence 401, 402 and 403.

8   **II.  ARGUMENT**

9   **A.   THE GOVERNMENT SHOULD NOT BE PERMITTED TO PRESENT
        PREJUDICIAL AND/OR  CUMULATIVE ITEMS OR IMAGERY SEIZED**
10      **FROM THE FRESNO CLUBHOUSE AS EVIDENCE**

11          The government's exhibit list indicates that numerous Hells Angels "indicia" that

12   was seized by government agents who conducted a search of the Freso Hells Angels

13   clubhouse in 2017 will be presented at trial.   Much of this evidence is completely

14   irrelevant to any issue in this case.  First of all, the Fresno chapter of the Hells Angels is

15   not on trial here.  Fresno is not the charged enterprise.  The club indicia such as posters,

16   poems, paperwork, photographs, and items left lying around the clubhouse or on display

17   such as axes, bats, knives or hammers, are not relevant to whether the charged enterprise,

18   Sonoma, engaged in a pattern of racketeering activity as charged in the Superceding

19   Indictment.  Nor are they probative of whether a murder occurred there in 2014 and

20   specifically, whether Brian Wendt committed that murder.  Some of the photographs

21   contain highly inflammatory imagery and words, depictions that are sexist, racist and/or

22   violent, one example being a photograph of an axe with a noose around it.  A photograph

23   of that nature has no relevance to this case.  One photograph (unclear whether it is on the

24   government's exhibit list) is of an apparent gift to the Fresno chapter from New York

25

26   MOTION TO PRECLUDE THE GOVERNMENT FROM
THE PRESENTATION OF PREJUDICIAL AND/OR
CUMULATIVE VIOLENT OR OFFENSIVE ITEMS OR
IMAGERY SEIZED FROM THE FRESNO HELLS
ANGELS CLUBHOUSE [FRE 403] *US v. Nelson, et al.,*
Case No. CR 17-533 EMC            2

which contains racist language.  *See* HADOCS-65955.  Such evidence should be excluded as irrelevant because there is no claim that any crime in this case was racially motivated.  Nor is there any claim that the alleged Silva murder was committed using a hammer, axe, knife, noose or baseball bat.  Another example of irrelevant, yet potentially inflammatory imagery, are photographs of murals painted on the walls of the Fresno clubhouse of several nude or semi-nude women in provocative poses.  This image has no possible relevance to this case, and could offend jurors of all genders, perhaps most likely, women.

This type of evidence should also be excluded on grounds that it is substantially more prejudicial then probative under Rule 403.  Jurors may have a visceral reaction to seeing this imagery, and to seeing sexist, violent and/or racist images, which would naturally lead to unfair prejudice.  "Unfair prejudice," means "an undue tendency to suggest decision on an improper basis, commonly, though not necessarily, an emotional one."  *United States v. Allen*, 341 F.3d 870, 886 (9th Cir. 2003) (affirming admission of "skinhead" evidence where racial animus was the alleged motive for the crime) (*citing* Fed. R. Evid. 403, advisory committee notes; *Old Chief v. United States*, 519 U.S. 172, 180 (1997) ("The term 'unfair prejudice,' as to a criminal defendant, speaks to the capacity of some concededly relevant evidence to lure the factfinder into declaring guilt on a ground different from proof specific to the offense charged.).

Like Mr. Wendt's concurrently filed motion to exclude evidence of Hells Angels' alleged racism and racist imagery, the present motion addresses other inflammatory images and items that were seized from the Fresno clubhouse.  These items are wholly irrelevant and unduly prejudicial – that is, they invite the jury to decide the case for emotional reasons having nothing to do with the evidence.  Another example is

government's exhibit 385, a sign that reads "Loose Talk Costs Lives."  Whether this sentiment is one that is shared by Fresno members of the Hells Angels has no bearing on the issues in this case.  It is designed to evoke emotion in the jury.[1]  Another example, are photographs seized that appear to be of Brian Wendt when he was in prison (*see e.g.,* HADOCS-1083; HADOCS-62667).  The jury should not be presented with evidence that Mr. Wendt has ever been to prison as his prior conviction is irrelevant and excludable under the pertinent rules (a motion under Rule 609 is filed concurrently), and photographs such as this one are irrelevant and unfairly prejudicial.

Moreover, due to the large number of photographs and items that were seized from the Fresno clubhouse, the evidence is cumulative and should be excluded under FRE 403. The government's exhibit list is filled with examples of cumulative items it seeks to introduce such as numerous "stop snitching graphics" (unclear if these were found in the Fresno clubhouse), many entries on the exhibit list involving knives (knives in sheaths, knives in boxes, plain knives), and other such offensive items of no relevance to this case (*e.g.*, numerous exhibits with Nazi flags, references to the KKK, and SS symbols, although it is unclear from which location these items were seized), yet they appear abundantly on the government's trial exhibit list.  The government's exhibit list also has numerous "group photos" of Fresno Hells Angels members, indicia of the Fresno Hells Angels roster, bylaws and rules, and other Fresno-related items that have nothing to do

---

[1]There are numerous examples on the government's overly broad exhibit list.  One difficulty in narrowing the focus of the present motion is that many of the government's so-called "exhibits" actually consist of collections of items that are vaguely described such as "phone extractions" or simply "documents." *See e.g.*, Exh. 750, "Slideshow of Pictures"; Exhs 340-342, "Pictures" and "Documents"). The government should be required to establish the relevance of each of the many inflammatory items it seeks to introduce.  Mr. Wendt asks the Court to conduct the appropriate review of the evidence as required under F.R.E. 104.

MOTION TO PRECLUDE THE GOVERNMENT FROM
THE PRESENTATION OF PREJUDICIAL AND/OR
CUMULATIVE VIOLENT OR OFFENSIVE ITEMS OR
IMAGERY SEIZED FROM THE FRESNO HELLS
ANGELS CLUBHOUSE [FRE 403] *US v. Nelson, et al.*,
Case No. CR 17-533 EMC                    4

1    with the charged conspiracies.

2           Finally, this sort of evidence about the Fresno chapter is also, albeit indirectly,

3    improper character evidence under FRE 608, the notion being, that because Mr. Wendt

4    was part of a chapter that had all sorts of offensive material on its walls or in its storage

5    cabinets, such as tools that can be used as weapons like baseball bats and hammers, or

6    posters with violent, racist or sexist imagery, then he must be violent and must have

7    committed murder.  This of course is improper character and propensity evidence.

8                                          **CONCLUSION**

9           For the foregoing reasons, Mr. Wendt respectfully moves the Court to preclude the

10   cumulative presentation of images, items and other "indicia" that is violent or offensive in

11   nature.   Such evidence is irrelevant to the charged enterprise, Sonoma Hells Angels,

12   constitutes improper character evidence, is unfairly prejudicial, and the sheer amount of it

13   suggests that it is cumulative and should be excluded under Rule 403.  Mr. Wendt

14   respectfully asks this Court to conduct a review for relevance as required under F.RE. 104

15   and reserves the right to supplement this motion at a later time if and when the

16   government narrows its exhibit list.

17   Dated: January 24, 2022                    Respectfully submitted,

18                                               JOHN T. PHILIPSBORN
                                                 K. ALEXANDRA McCLURE
19                                               */s/ K. Alexandra McClure*
                                                 Attorneys for BRIAN WAYNE WENDT

20

21

22

23

24

25

26   MOTION TO PRECLUDE THE GOVERNMENT FROM
     THE PRESENTATION OF PREJUDICIAL AND/OR
     CUMULATIVE VIOLENT OR OFFENSIVE ITEMS OR
     IMAGERY SEIZED FROM THE FRESNO HELLS
     ANGELS CLUBHOUSE [FRE 403] *US v. Nelson, et al.,*
     Case No. CR 17-533 EMC                    5