JOHN T. PHILIPSBORN - SBN 83944
Law Offices of JOHN T. PHILIPSBORN
507 Polk Street, Suite 350
San Francisco, CA 94102
(415) 771-3801
jphilipsbo@aol.com

K. ALEXANDRA McCLURE - SBN 189679
Law Office of ALEXANDRA McCLURE
214 Duboce Ave.
San Francisco, CA 94103-1008
(415) 814-3397
alex@alexmcclurelaw.com

Attorneys for BRIAN WAYNE WENDT

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>JONATHAN JOSEPH NELSON, et al.,<br><br>Defendants. | **Case No. CR-17-00533-EMC**<br><br>**BRIAN WENDT'S UNOPPOSED MOTION FOR POST-SENTENCING HEARING ON OUTSTANDING CONTESTED FORFEITURE ISSUES**<br><br>**Date: June 13, 2024, 9:15 am**<br><br>**Dept. The Honorable Edward M. Chen, District Judge** |

**BRIAN WENDT'S UNOPPOSED MOTION FOR POST-SENTENCING HEARING ON OUTSTANDING CONTESTED FORFEITURE ISSUES**

Undersigned counsel for Brian Wendt hereby submit this unopposed motion. Mr. Wendt's sentencing in this matter is presently scheduled to occur on June 13, 2024. The final PSR was timely disclosed to Mr. Wendt and his counsel and the parties' sentencing memoranda have been timely filed. In Mr. Wendt's sentencing memorandum, undersigned

counsel set forth the agreement with the United States with regard to the return of most of Mr. Wendt's personal and Hells Angels related property. The only outstanding item referenced in Mr. Wendt's sentencing memorandum that remained in dispute was Mr. Wendt's Hells Angels vest.

After the filing of the parties sentencing memoranda, on June 11, 2024, the government filed an amended bill of particulars on forfeiture as to Brian Wendt. On June 12, 2024, the United States filed an "Application of the United States for Amended Preliminary Order of Forfeiture" (with a supporting declaration of FBO Special Agent Kassandra Lane). *See* Dkt. 3743. The items sought to be forfeited now include a different list of items (mostly guns and ammunition) seized from the Fresno Hells Angels Clubhouse and from the home where Mr. Wendt was residing at the time of his arrest in 2017. As stated in Mr. Wendt's sentencing memorandum, he is not contesting the forfeiture of any guns or ammunition.

The only items of property that Mr. Wendt contests in the United States' amended forfeiture pleadings are described by the United States as follows:

> Hells Angels clothing, patches, and other items seized from the residence of Brian Wendt at 648 Auburn St, Tulare, CA on 11/20/2017:
> a. One Hells Angel vest
> b. Hells Angels patches[1]

*See* Dkt. 3743, p. 4.

With respect to these unresolved criminal forfeiture issues, undersigned counsel for Mr. Wendt reports that she has met and conferred with Assistant United States Attorney Daniel Pastor today, June 12, 2024, regarding these items. Mr. Pastor was recently assigned

---

[1] "Patches" have been added to the United States' forfeiture notice and request. At the time of filing her Sentencing Memorandum, undersigned counsel understood that all of Mr. Wendt's personal belongings would be returned to him except for the vest (the parties had no agreement as to the vest as discussions were ongoing). It appears that in fact the United States is also seeking the return of unspecified Hells Angels "patches". Mr. Wendt hereby provides notice that he contests the forfeiture of these patches as well.

responsibility for representing the United States in connection with this unresolved criminal forfeiture issue related to Mr. Wendt.

Criminal forfeiture issues are controlled by Federal Rule of Criminal Procedure 32.2. Mr. Pastor and undersigned counsel have discussed how the parties propose to comply with Rule 32.2, in light of Mr. Wendt's intent to request a hearing and present evidence concerning forfeiture, as provided for in Rule 32.2(B)(1)(b). As to Mr. Wendt, the government has lodged its revised proposed preliminary order of forfeiture that identifies with specificity the items as to which it seeks forfeiture. While neither statute nor rule require the government to lodge a proposed preliminary order of forfeiture, Rule 32.2 does contemplate that a preliminary order of forfeiture be entered sufficiently in advance of entry of judgment to permit the parties to propose revisions or modifications. Rule 32.2(B)(1)(b) also requires the Court to conduct a hearing where forfeiture is contested, as it is here, as Mr. Wendt does intend to contest certain portions of the proposed preliminary order of forfeiture (namely, the forfeitability of his non-HASC vest and patches).

Therefore, after consulting with counsel for the United States and in recognition of the schedule already requested by codefendant Jon Nelson, Mr. Wendt moves this Court to establish the following schedule for resolution of the contested forfeiture issues:

1) The United States has, today, June 12, 2024, lodged a proposed preliminary order of forfeiture as to Brian Wendt that identifies with specificity all of the items as to which it seeks forfeiture (*see* Dkt. 3743);

2) Mr. Wendt will file no later than July 16, 2024, his memorandum in opposition to the proposed forfeiture of his vest and patches, identifying with specificity the bases for his opposition to the forfeiture of those items of personal property;

3) The United States will file no later than July 30, 2024, its response to Mr. Wendt's memorandum.

4) The Court will conduct a hearing as required by Rule 32.2 on a date convenient to the Court and the parties, said date to be set at the sentencing hearing on June 13, 2024, so long as that hearing does not occur between July 29 and August 14, 2024, when

undersigned counsel K. Alexandra McClure is out of the country and unavailable.

Mr. Wendt does not object to this Court conducting his sentencing hearing on June 13, 2024, but holding in abeyance entry of judgment until this Court conducts the hearing proposed by the parties and that is required by Rule 32.2(B)(1)(b) and rules upon the contested forfeiture issues.

The United States does not oppose this motion, and the protocol and dates set forth here are based upon consultations between undersigned counsel and AUSA Daniel Pastor.

Dated:  June 12, 2024.                         Respectfully Submitted,

                                                  JOHN T. PHILIPSBORN
                                                  K. ALEXANDRA McCLURE

                                                  */s/ K. Alexandra McClure*
                                                  K. ALEXANDRA McCLURE
                                                  *Attorneys for Brian Wayne Wendt*

## **DECLARATION OF K. ALEXANDRA McCLURE**

1.    I, K. Alexandra McClure I am an attorney at law duly licensed to practice before this Court. Along with John Philipsborn, I am counsel of record for Brian Wayne Wendt in this action. I have personal knowledge of the facts set forth in this Declaration and, if called as a witness, could and would testify competently to such facts under oath.

2.    Today, I met and conferred with Assistant United States Attorney Daniel Pastor concerning the contested criminal forfeiture issues in this matter (Mr. Wendt's vest and "patches"). Mr. Pastor was recently assigned to represent the United States in connection with those forfeiture issues.

3.    Based upon our discussions, Mr. Pastor and I have agreed that Mr. Wendt will move this Court to establish a briefing schedule concerning disputed forfeiture issues and to set a hearing as required by Federal Rule of Criminal Procedure 32.2(B)(1)(b). Mr. Pastor has informed me that the United States does not oppose this motion. Mr. Pastor asked that the briefing schedule for Mr. Wendt's forfeiture issues be the same as the one

1  previously requested by Mr. Nelson. I have agreed upon the filing dates proposed in Mr. Nelson's motion, and the United States does not oppose Mr. Wendt's motion.

4. I have discussed with Mr. Wendt that this Court will conduct his sentencing hearing on June 13, 2024, as scheduled, but may hold in abeyance entry of judgment until the conclusion of the contested forfeiture proceedings. Mr. Wendt does not object to this Court refraining from entering judgment until this Court resolves the contested forfeiture issues.

5. Mr. Pastor has informed me that he is available throughout the month of August 2024 if this Court agrees and is available to conduct the contested hearing in August 2024. However, I am only available *after* August 14, 2024, as I am out of the country on a previously scheduled trip from July 29, 2024, until August 14, 2024. The parties will be prepared to address scheduling with the Court at sentencing on June 13, 2024.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on this 12th day of June 2024.

                         /s/ K. Alexandra McClure
                        K. ALEXANDRA McCLURE
                        Attorney for Brian Wendt